# EXHIBIT A



6.15.17
12:15PM

1  KENNETH H. YOON (State Bar No. 198443)
   STEPHANIE E. YASUDA (State Bar No. 265480)
2  BRIAN G. LEE (State Bar No. 300990)
   **YOON LAW, APC**
3  One Wilshire Blvd., Suite 2200
   Los Angeles, California 90017
4  Telephone: (213) 612-0988
   Facsimile: (213) 947-1211
5
   G. SAMUEL CLEAVER (SBN 245717)
6  **LAW OFFICES OF G. SAMUEL CLEAVER**
   5670 Wilshire Boulevard, 18th Floor
7  Los Angeles, California 90036
   Telephone: (323) 648-6676
8
9  Attorneys for Plaintiff Chelsea Hamilton

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 1 3 2017

BY _____
JESSICA GARCEZ, DEPUTY

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| 12  CHELSEA HAMILTON, individually and on behalf of all others similarly situated,<br><br>13              Plaintiff,<br><br>14      v.<br><br>15  WAL-MART STORES, INC., a corporation, WAL-MART ASSOCIATES, INC., a<br>16  corporation, and DOES 1 through 50, inclusive,<br><br>17              Defendants.<br>18 | Case No.:  CIVDS1711391<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1)  **VIOLATION OF LABOR CODE SECTION 1194 AND 510;**<br><br>(2)  **VIOLATION OF LABOR CODE SECTION 226.7 AND 512;**<br><br>(3)  **VIOLATION OF LABOR CODE SECTION 203;**<br><br>(4)  **VIOLATION OF LABOR CODE SECTION 226;**<br><br>(5)  **BUSINESS AND PROFESSIONS CODE SECTION 17200** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT FOR DAMAGES

Exhibit A
Page 12

1    Plaintiff Chelsea Hamilton ("Plaintiff") hereby submits her Complaint for Damages
2  against Defendants Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., and DOES 1 through 50,
3  inclusive (collectively, "Defendants"), on behalf of herself and the Class of other similarly
4  situated current and former employees of Defendants for minimum and overtime wages, meal
5  period and rest break wages, and penalties as follows:

6                            **INTRODUCTION**

7       **1.**    This class action is brought pursuant to Labor Code §§ 203, 226, 226.7, 510,
8  512, 1194, Industrial Welfare Commission ("IWC") Wage Order 5-2001 (codified as
9  California Code of Regulations Title 8 § 11050), and Business and Professions Code § 17200
10  *et seq.* (Unfair Competition Law ("UCL")).

11      **2.**    This Complaint challenges Defendants' systemic illegal employment practices
12  resulting in violations of the stated provisions of the Labor Code and Business and Professions
13  Code against the identified class of employees.

14      **3.**    Plaintiff is informed and believes and thereon alleges Defendants joint and
15  severally acted intentionally and with deliberate indifference and conscious disregard to the
16  rights of all employees in (1) failing to pay all minimum and overtime wages; (2) failing to
17  provide meal periods and rest breaks; (3) failing to provide accurate wage statements; and (4)
18  failing to pay all wages due and owing upon termination of employment.

19                       **JURISDICTION AND VENUE**

20      **4.**    This class action is brought pursuant to California Code of Civil Procedure §
21  382. The monetary damages sought by Plaintiff exceed the minimal jurisdictional limits of the
22  Superior Court and will be established according to proof at trial.

23      **5.**    This Court has jurisdiction over this action pursuant to California Constitution,
24  Article VI, Section 10, which grants the Superior Court original jurisdiction in all causes
25  except those given by statute to other courts. The statutes under which this action is brought
26  do not specify any other basis for jurisdiction.

27      **6.**    This Court has jurisdiction over the violations of Labor Code §§ 203, 226,
28  226.7, 510, 512, 1194, IWC Wage Order 5-2001, and the UCL.

1    **7.**    This Court has jurisdiction over all Defendants because, upon information and

2    belief, each party has sufficient minimum contacts in California, or otherwise intentionally

3    avails itself of California law so as to render the exercise of jurisdiction over it by the

4    California courts consistent with traditional notions of fair play and substantial justice.

5    **8.**    Venue is proper in this Court because, upon information and belief, the named

6    Defendants transact business and/or have offices and/or store locations in this county, and the

7    acts and omissions alleged herein took place in this county.

8                                           **PARTIES**

9    **9.**    Plaintiff Chelsea Hamilton is an individual residing in the State of California.

10   Plaintiff was employed as an Associate by Defendants at its Chino, California facility (located

11   at 6750 Kimball Ave., Chino, California, 91708).

12   **10.**    Plaintiff is informed and believes and thereon alleges that Defendant Wal-Mart

13   Stores, Inc. is a corporation licensed to do business and actually doing business in the State of

14   California, including the County of San Bernardino.

15   **11.**    Plaintiff is informed and believes and thereon alleges that Defendant Wal-Mart

16   Associates, Inc. is a corporation licensed to do business and actually doing business in the State

17   of California, including the County of San Bernardino.

18   **12.**    Plaintiff does not know the true names or capacities, whether individual, partner

19   or corporate, of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason,

20   said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend

21   this complaint when the true names and capacities are known.  Plaintiff is informed and

22   believes and thereon alleges that each of Defendants designated as a DOE was responsible in

23   some way for the matters alleged herein and proximately caused Plaintiff and members of the

24   general public and the Class to be subject to the illegal employment practices, wrongs and

25   injuries complained of herein.

26   **13.**    At all times herein mentioned, Defendants, and each of them, were agents,

27   partners, joint venturers, representatives, servants, employees, successors-in-interest, co-

28   conspirators and assigns, each of the other, and at all times relevant hereto were acting within

                                              3

1    the course and scope of their authority as such agents, partners, joint venturers, representatives,

2    servants, employees, successors, co-conspirators and assigns, and that all acts or omissions

3    alleged herein were duly committed with ratification, knowledge, permission, encouragement,

4    authorization and consent of each Defendant designated herein.

5        **14.**    As such, and based upon all the facts and circumstances incident to Defendants'

6    business in California; Defendants are subject to Labor Code §§ 203, 226, 226.7, 510, 512,

7    1194, IWC Wage Order 5-2001, and the UCL.

8                          **CLASS ACTION ALLEGATIONS**

9        **15.**    **Definition:**   Plaintiff seeks class certification pursuant to California Code of

10   Civil Procedure § 382 of a Class of all Defendants' non-exempt "associate" employees who

11   worked at their Chino, California facility (located at 6750 Kimball Ave., Chino, California,

12   91708) during the period from June 13, 2013, to the present, including the following

13   Subclasses:

14            **a.**    **Overtime Subclass:** all Defendants' non-exempt "associate" employees

15                      who worked at Defendants' Chino, California facility (located at 6750

16                      Kimball Ave., Chino, California, 91708) for one or more shifts in excess

17                      of eight (8) hours in a day or forty (40) hours in a workweek and were

18                      not properly paid all overtime wages during the period from June 13,

19                      2013, to the present;

20            **b.**    **Minimum Wage Subclass:** all Defendants' non-exempt "associate"

21                      employees who worked at Defendants' Chino, California facility

22                      (located at 6750 Kimball Ave., Chino, California, 91708) and were not

23                      properly paid all minimum wages during the period from June 13, 2013,

24                      to the present;

25            **c.**    **Meal Period Subclass:** all Defendants' non-exempt "associate"

26                      employees who worked at Defendants' Chino, California facility

27                      (located at 6750 Kimball Ave., Chino, California, 91708) for one or

28                      more shifts in excess of ten (10) hours in California during the period

                                            4

1          from June 13, 2013, to the present;

2          **As an alternative to Subclass (a):** all Defendants' non-exempt "associate"

3          employees who worked at Defendants' Chino, California facility

4          (located at 6750 Kimball Ave., Chino, California, 91708) for one or

5          more shifts in excess of ten (10) hours in California without receiving a

6          second 30-minute meal period during which they were relieved of all

7          duties, during the period from June 13, 2013, to the present;

8      d.     **Terminated Employee Subclass:** all Defendants' non-exempt

9          "associate" employees who worked at Defendants' Chino, California

10         facility (located at 6750 Kimball Ave., Chino, California, 91708) during

11         the period from June 13, 2014, to the present, and who were not properly

12         paid all wages on termination or within 72 hours thereof; and

13      e.     **Wage Statement Subclass:** all Defendants' non-exempt "associate"

14         employees who worked at Defendants' Chino, California facility

15         (located at 6750 Kimball Ave., Chino, California, 91708) and received a

16         wage statement during the period from June 13, 2014, to the present.

17     **16.**     **Numerosity:** The members of the Class are so numerous that joinder of all

18 members would be impractical, if not impossible. The identities of the members of the Class

19 are readily ascertainable by review of Defendants' records, including payroll records.

20     **17.**     **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary

21 steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's

22 attorneys are ready, willing and able to fully and adequately represent the Class and Plaintiff.

23 Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and

24 currently have a number of wage-and-hour class actions pending in California courts.

25     **18.**     Defendants administered a corporate policy, practice and/or procedure of (1)

26 failing to pay all meal period wages and rest break wages, (2) failing to pay all minimum and

27 overtime wages, (3) failing to pay all wages due and owing upon termination of employment,

28 and (4) failing to provide accurate wage statements. Plaintiff alleges this corporate conduct is

Exhibit A
Page 16

1  accomplished with the advance knowledge and designed intent to willfully withhold
2  appropriate wages for work performed members of the Class.

3    19.    **Common Question of Law and Fact:**  There are predominant common
4  questions of law and fact and a community of interest amongst Plaintiff and the claims of the
5  Class concerning whether Defendants' policies and practices regularly denied Class Members
6  meal and rest break wages, minimum and overtime wages, accurate wage statements, and all
7  wages due and owing upon termination of employment.

8    20.    **Typicality:**  The claims of Plaintiff are typical of the claims of all members of
9  the Class.  Plaintiff is a member of the Class and has suffered the alleged violations of Labor
10  Code §§ 203, 226, 226.7, 1194, IWC Wage Order 5-2001, and the UCL.  Plaintiff worked at
11  least one shift in excess of six hours during which she was not provided all duty-free, legally
12  mandated meal periods.  Plaintiff worked at least one shift of 3.5 hours or greater during which
13  she was not authorized and permitted all duty-free, legally mandated rest breaks. Plaintiff
14  worked at least one shift in excess of eight hours and one workweek in excess of 40 hours
15  during which she was not paid all minimum and overtime wages.  Plaintiff received wage
16  statements during her employment.  Plaintiff's employment was terminated during the
17  statutory period.

18    21.    The Labor Code upon which Plaintiff bases her claims is broadly remedial in
19  nature.  These laws and labor standards serve an important public interest in establishing
20  minimum working conditions and standards in California.  These laws and labor standards
21  protect the average working employee from exploitation by employers who may seek to take
22  advantage of superior economic and bargaining power in setting onerous terms and conditions
23  of employment.

24    22.    The nature of this action and the format of laws available to Plaintiff and
25  members of the Class identified herein make the class action format a particularly efficient and
26  appropriate procedure to redress the wrongs alleged herein.  If each employee were required to
27  file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable
28  advantage since it would be able to exploit and overwhelm the limited resources of each

6

Exhibit A
Page 17

1  individual plaintiff with their vastly superior financial and legal resources.  Requiring each
2  Class Member to pursue an individual remedy would also discourage the assertion of lawful
3  claims by employees who would be disinclined to file an action against their former and/or
4  current employer for real and justifiable fear of retaliation and permanent damage to their
5  careers at subsequent employment.

6      **23.**     The prosecution of separate actions by the individual Class Members, even if
7  possible, would create a substantial risk of (a) inconsistent or varying adjudications with
8  respect to individual Class Members against the Defendants and which would establish
9  potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with
10  respect to individual Class Members which would, as a practical matter, be dispositive of the
11  interest of the other Class Members not parties to the adjudications or which would
12  substantially impair or impede the ability of the Class Members to protect their interests.
13  Further, the claims of the individual members of the Class are not sufficiently large to warrant
14  vigorous individual prosecution considering all of the concomitant costs and expenses.

15      **24.**     Such a pattern, practice, and administration of corporate policy regarding illegal
16  employee compensation described herein is unlawful and creates an entitlement to recovery by
17  the Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the full
18  amount of meal period and rest break wages, and minimum and overtime wages, including
19  interest thereon, attorneys' fees and costs of suit, as well as consequential damages.

20      **25.**     Proof of a common business practice or factual pattern, which the named
21  Plaintiff experienced and is representative of, will establish the right of each Class Member to
22  recovery on the causes of action alleged herein.

23      **26.**     The Class is commonly entitled to a specific fund with respect to the
24  compensation illegally and unfairly retained by Defendants.  This action is brought for the
25  benefit of the entirety of the Class and will result in the creation of a common fund.

26
27
28

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE SECTION 1194 AND 510

## REGARDING MINIMUM AND OVERTIME WAGES

## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF

## THE CLASS AND ALL SUBCLASSES)

27.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28.     At all times relevant herein, Defendants were required to compensate their non-exempt "associate" employees minimum wages for all hours worked, and overtime wages for all hours worked in excess of eight (8) hours per day and forty (40) hours per week.

29.     As a pattern and practice, Defendants failed to compensate Plaintiff and the Class and Subclasses for all minimum and overtimes wages earned, including, but not limited to all overtime hours in excess of eight (8) hours worked each day, and all minimum and overtime wages for the off-the-clock time spent passing through security checks following each shift. This resulted in Plaintiff and the Class and Subclasses receiving total wages in an amount less than minimum wage and, where applicable, appropriate overtime wages.

30.     Such a pattern, practice, and administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class and Subclasses in a civil action, for the unpaid balance of the full amount of minimum and overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 1194.

31.     Defendants' willful failure to provide Plaintiff and the Class and Subclasses the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due.   Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

CLASS ACTION COMPLAINT FOR DAMAGES

Exhibit A
Page 19

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 226.7 AND 512

### REGARDING MEAL PERIOD WAGES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND ALL SUBCLASSES)

32.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33.    In accordance with the mandates of the California Labor Code and the applicable IWC Wage Order, Plaintiff and the Class and Subclasses had the right to take a 30-minute meal period for every five (5) hours worked.

34.    As a pattern and practice, Defendants regularly failed to provide Plaintiff and the Class and Subclasses a second duty-free meal period for all "associate" employees that worked shifts in excess of ten (10) hours, and did not provide proper compensation for this failure.

35.    Such a pattern, practice, and administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class and Subclasses identified herein, in a civil action, for the balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon.

36.    Defendants' willful failure to provide Plaintiff and the Class and Subclasses the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due.   Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

///

///

///

///

CLASS ACTION COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTION 203**

**REGARDING WAITING TIME PENALTIES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND**

**ALL SUBCLASSES)**

**37.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set for herein.

**38.** At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

**39.** As a result of Defendants' Labor Code violations alleged above, Defendants regularly failed to pay Plaintiff and the Class and Subclasses their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

**40.** The conduct of Defendants and their agents and employees as described herein was willfully done in violation of Plaintiff and the Class and Subclasses' rights, and done by managerial employees of Defendants.

**41.** Defendants' willful failure to provide Plaintiff and the Class and Subclasses the wages due and owing them upon separation from employment results in a continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTION 226**

**REGARDING RECORD KEEPING**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND**

**SUBCLASSES (a), (b), (c), (d), and (f))**

**42.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though

CLASS ACTION COMPLAINT FOR DAMAGES

Exhibit A
Page 21

1   fully set forth herein.

2   **43.** In violation of Labor Code § 226, Defendants failed in their affirmative obligation

3   to keep *accurate* records regarding the rates of pay for their California employees. For

4   example, as a result of Defendants' various Labor Code violations, Defendants failed to keep

5   accurate records of Plaintiff and the Class and Subclasses (a), (b), (c), (d), and (f)'s gross

6   wages earned, total hours worked, net wages earned, and all applicable hourly rates and the

7   number of hours worked at each hourly rate.

8   **44.** Such a pattern, practice, and administration of corporate policy as described herein

9   is unlawful and creates an entitlement to recovery by the Plaintiff and the Class and Subclasses

10  (a), (b), (c), (d),  and (f) identified herein, in a civil action, for all damages and/or penalties

11  pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorneys' fees,

12  and costs of suit according to the mandate of California Labor Code § 226.

13  **FIFTH CAUSE OF ACTION**

14  **FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *et seq.***

15  **(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF**

16  **THE CLASS AND ALL SUBCLASSES)**

17  **45.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as though

18  fully set for herein.

19  **46.** Defendants, and each of them, have engaged and continue to engage in unfair and

20  unlawful business practices in California by practicing, employing and utilizing the

21  employment practices outlined above, inclusive, to wit, by knowingly denying employees: (1)

22  all minimum and overtime wages; (2) all meal period wages; (3) all wages due and owing upon

23  termination of employment; and (4) accurate wage statements.

24  **47.** Defendants' utilization of such business practices constitutes unfair, unlawful

25  competition and provides an unfair advantage over Defendants' competitors.

26  **48.** Plaintiff seeks, on her own behalf, and on behalf of other members of the Class and

27  Subclasses who are similarly situated, full restitution of monies, as necessary and according to

28  proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by

11

1 | means of the unfair practices complained of herein.

2 |      **49.** The acts complained of herein occurred within the last four years preceding the

3 | filing of the complaint in this action.

4 |      **50.** Plaintiff is informed and believes and based thereon alleges that at all times herein

5 | mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as

6 | proscribed by California Business and Professions Code § 17200 *et seq.*, including those set

7 | forth above, thereby depriving Plaintiff and the Class and Subclasses the minimum working

8 | condition standards and conditions due to them under the California laws and IWC Wage

9 | Orders as specifically described therein.

10 | **PRAYER FOR RELIEF**

11 |      WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose

12 | behalf this suit is brought against Defendants, jointly and severally, as follows:

13 |     1.    For an order certifying the proposed Class;

14 |     2.    For an order appointing Plaintiff as the representative of the Class and

15 |           Subclasses as described herein;

16 |     3.    For an order appointing counsel for Plaintiff as class counsel;

17 |     4.    Upon the First Cause of Action, for all minimum and overtime wages owed, and

18 |           for waiting time wages according to proof pursuant to California Labor Code

19 |           §203, and for costs and attorneys' fees;

20 |     5.    Upon the Second Cause of Action, for all meal period wages owed, and for

21 |           waiting time wages according to proof pursuant to California Labor Code §203

22 |           and for costs;

23 |     6.    Upon for the Third Cause of Action, for waiting time wages according to proof

24 |           pursuant to California Labor Code § 203 and for costs and attorneys' fees;

25 |     7.    Upon the Fourth Cause of Action, for damages or penalties pursuant to statute

26 |           as set forth in California Labor Code § 226, and for costs and attorneys' fees;

27 |     8.    Upon the Fifth Cause of Action, for restitution to Plaintiff and other similarly

28 |           affected members of the general public of all funds unlawfully acquired by

1   Defendants by means of any acts or practices declared by this Court to be in

2   violation of Business and Professions Code § 17200 *et seq*.; and

3      9.   On all Causes of Action, for attorneys' fees, interest, and costs as provided by

4   California Labor Code §§ 218.6, 226, 1194, and Code of Civil Procedure §

5   1021.5, and for such other further relief the Court may deem just and proper.

6

7   Dated: June 13, 2017                   **YOON LAW, APC**

8

9                                                   By: _____

10                                                           Kenneth H. Yoon
                                                             Stephanie E. Yasuda
11                                                           Brian G. Lee
                                                   Attorneys for Plaintiff Chelsea Hamilton

12

13                           **DEMAND FOR JURY TRIAL**

14   Plaintiff, for herself and the Class and Subclasses, and on behalf of other

15   aggrieved employees, hereby demands a jury trial as provided by California law.

16

17   Dated: June 13, 2017                   **YOON LAW, APC**

18

19                                                   By: _____

20                                                           Kenneth H. Yoon
                                                             Stephanie E. Yasuda
21                                                           Brian G. Lee
                                                   Attorneys for Plaintiff Chelsea Hamilton

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES

 

SUM-100

## SUMMONS
### (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 1 3 2017

BY _____
JESSICA GARCEZ, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAL-MART STORES, INC., a corporation,
Additional Parties Attachment form is attached;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHELSEA HAMILTON, individually and on behalf of all others
similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Superior Court<br><br>247 West Third Street<br>San Bernardino, CA 92415 | CASE NUMBER:<br>*(Número del Caso):* CIVDS1711391 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kenneth H. Yoon (SBN 198443), One Wilshire Blvd., Suite 2200, Los Angeles, CA 90017, (213)612-0988

| DATE:<br>*(Fecha)* JUN 1 3 2017 | Clerk, by<br>*(Secretario)* Jessica Garcez | , Deputy<br>*(Adjunto)* |
|---|---|---|

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hamilton v. Wal-Mart Stores, Inc. et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

WAL-MART ASSOCIATES, INC., a corporation, and DOES 1 through 50, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit A
Page 26

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Kenneth H. Yoon (SBN 198443)<br>Yoon Law, APC<br>One Wilshire Boulevard, Suite 2200<br>Los Angeles, CA 90017 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUN 1 3 2017<br><br>BY _____<br>JESSICA GATTI, DEPUTY |

TELEPHONE NO.: (213) 612-0988    FAX NO.:
ATTORNEY FOR *(Name)*: Plaintiff Chelsea Hamilton

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino District - Civil Division

CASE NAME:
Hamilton v. Wal-Mart Stores, Inc. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIVDS1711571 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify)*:  Five
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  June 13, 2017
Kenneth H. Yoon
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A
Page 27

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                        **CIVIL CASE COVER SHEET**                                    Page 2 of 2

Exhibit A
Page 28



COPY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Chelsea Hamilton
_____

CASE NO.: CIVDS1711391

vs.

**CERTIFICATE OF ASSIGNMENT**

Wal-Mart Stores, Inc. et al.
_____

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino - Civil
_____ District of the Superior Court under Rule 404 of this court for the
checked reason:

■ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| x | 20. Other Employment | Cause of action arose in this district; corporate defendant |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Wal-Mart | | 6750 Kimball Ave. | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Chino | California | 91708 | |
| CITY | STATE | ZIP CODE | |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on June 13, 2017 _____ at Los Angeles _____, California

_____
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
---------------------------------------------------------------------
---------------------------------------------------------------------
CASE NO: CIVDS1711391

YOON LAW
ONE WILSHIRE BLVD.
SUITE 2200
LOS ANGELES CA 90017

NOTICE OF TRIAL SETTING CONFERENCE


IN RE: HAMILTON-V-WAL-MART

THIS CASE HAS BEEN ASSIGNED TO: DAVID  COHN IN DEPARTMENT S26
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 W. 3RD ST
SAN BERNARDINO, CA  92415-0210.

       HEARING DATE: 12/12/17 at  8:30 in Dept. S26


DATE: 06/13/17  Nancy Eberhardt, Court Executive Officer
                                    By: JESSICA GARCEZ
---------------------------------------------------------------------
---------------------------------------------------------------------
                     CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 06/13/17
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 06/13/17 at San Bernardino, CA

                          BY: JESSICA GARCEZ