KENNETH H. YOON (State Bar No. 198443)
kyoon@yoonlaw.com
STEPHANIE E. YASUDA (State Bar No. 265480)
syasuda@yoonlaw.com
BRIAN G. LEE (State Bar No. 300990)
blee@yoonlaw.com
**YOON LAW, APC**
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

G. SAMUEL CLEAVER (SBN 245717)
sam@gscleaverlaw.com
**LAW OFFICES OF G. SAMUEL CLEAVER**
5670 Wilshire Boulevard, 18th Floor
Los Angeles, California 90036
Telephone: (323) 648-6676

Attorneys for Plaintiff Chelsea Hamilton

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA HAMILTON, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>    v.<br><br>WAL-MART STORES, INC., a corporation, WAL-MART ASSOCIATES, INC., a corporation, and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.: 5:17-cv-01415 AB (KKx)<br><br>[Hon. Andre Birotte Jr., Courtroom 7B]<br><br>**PLAINTIFF CHELSEA HAMILTON'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>[Filed concurrently with Declaration of Stephanie E. Yasuda, [Proposed] Order]<br><br>Date: February 2, 2018<br>Time: 10:00 a.m.<br>Place: Courtroom 7B<br><br>Discovery Cutoff: 09/14/18<br>Pretrial Conference Date: 01/11/19<br>Trial Date: 01/29/19 |

PLAINTIFF CHELSEA HAMILTON'S MOTION FOR LEAVE TO FILE FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on February 2, 2018, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 7B of the above-entitled Court, located at the First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012, Plaintiff Chelsea Hamilton ("Plaintiff") will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 15(a) for leave to file a First Amended Class Action Complaint, which would consolidate the instant action with *Alyssa Hernandez v. Wal-Mart Associates, Inc.*, United States District Court Case No. 5:17-cv-01485-AB-KK.

The requested amendment is warranted in the interest of justice because Plaintiff has not engaged in undue delay in bringing this motion, and the proposed amendments will not cause prejudice to Defendant, are not sought in bad faith, and are not futile. This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on December 7, 2017.

This motion is based on this Notice of Motion and Motion, Plaintiff's Memorandum of Points and Authorities, the Declaration of Stephanie E. Yasuda filed herewith, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: January 5, 2018              **YOON LAW, APC**

                                    By:  */s/ Stephanie E. Yasuda*
                                         Stephanie E. Yasuda
                                    Attorneys for Plaintiff Chelsea Hamilton

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

Plaintiff Chelsea Hamilton ("Plaintiff") seeks leave to file a First Amended Class Action Complaint, which consolidates the instant action with *Alyssa Hernandez v. Wal-Mart Associates, Inc.*, United States District Court Case No. 5:17-cv-01485-AB-KK.

The *Hernandez* action is a putative class action commenced on June 8, 2017, in the California Superior Court for the County of San Bernardino – five days before Plaintiff commenced the instant action. The instant action and *Hernandez* allege overlapping wage-and-hour claims for a nearly identical putative class. Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. ("Defendants") removed both actions to the District Court in July 2017.

On August 14, 2017, Plaintiff filed a representative action pursuant to the Private Attorneys General Act of 2004 ("PAGA") in the California Superior Court for the County of San Bernardino. On unopposed motion by Defendants, the superior court stayed the action on December 7, 2017, pending resolution of the instant action.

On August 16, 2017, Ms. Hernandez filed a First Amended Complaint in this Court wherein she added a claim pursuant to PAGA.

Plaintiff and Ms. Hernandez now seek to consolidate their respective actions for the purpose of increasing judicial efficiency. Although Defendants initially suggested consolidation of the actions and continue to support the amendment in principle, they have withheld their consent to the First Amended Complaint in an attempt to leverage it for a dismissal of Plaintiff's related state-court PAGA action. Defendants' challenge to Plaintiff's proposed amendment is improper, and their desire for a dismissal of a related action does not equate to an extraordinary situation in which a denial of leave to amend would be warranted.

For these reasons and as further discussed below, Plaintiff should be permitted leave to file her First Amended Complaint.

## II. PLAINTIFF SEEKS TO AMEND HER COMPLAINT FOR A LEGITIMATE PURPOSE

### A. The Proposed Amendment will Promote Judicial Efficiency

The effect of Plaintiff's proposed amendment would be to consolidate two actions already pending before this Court.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule should be interpreted with "extreme liberality" to "facilitate decision on the merits." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howay v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1981).

The proposed amendment is made for the legitimate purpose of promoting judicial efficiency. Pursuant to Federal Rule of Civil Procedure 42, a court may consolidate two actions where they "involve a common question of law or fact." Fed. R. Civ. Proc. 42(a)(2). Both *Hernandez* and *Hamilton* will require discovery, dispositive motions, and testimony regarding the exact same issues such as the timing of meal periods, length of security checks, and alternative workweek practices. There is no need for these issues to be heard and adjudicated twice. The potential burden on the parties, witnesses, and available judicial resources is greater without consolidation.

Thus, the proposed amendment is not frivolous or made in bad faith.

### B. Defendants' Challenge to the Proposed Amendment is Improper

Defendants are amenable in essence to the filing of a consolidated complaint, but object to the extent the PAGA cause of action within the proposed First Amended Complaint is alleged by Ms. Hernandez only, and not by both Ms.

Hernandez and Plaintiff. Defendants argue Plaintiff should dismiss her state-court PAGA action and join in Ms. Hernandez's PAGA claim.

A challenge to a motion for leave to amend is not the proper vehicle to seek dismissal of a related state-court action. Defendants do not argue that Plaintiff should be prevented from filing the consolidated complaint, and there is no authority that precludes leave to amend a complaint on the grounds the defendant wants dismissal of another action. Defendants have already addressed the pendency of concurrent litigation by requesting a stay of Plaintiff's state-court PAGA action in the San Bernardino Superior Court, and the superior court granted their unopposed request. Thus, the state-court PAGA action does not pose any risk of inconsistent judgments or duplicative litigation. Whatever is left over after resolution of the instant action, if anything, will be addressed by the superior court.

Further, it would be imprudent for Plaintiff to follow Defendants' proposed course of action. Plaintiff has a duty to maintain the state-court PAGA action as a prophylactic measure both on behalf of other aggrieved employees and the State of California. In the event Ms. Hernandez becomes incapable of or unwilling to pursue her PAGA claim for any reason – however unlikely – Ms. Hernandez could not simply be replaced by another aggrieved employee. PAGA imposes strict requirements for the exhaustion of administrative remedies that serve as a prerequisite to any PAGA action, including written notice to the Labor and Workforce Development Agency of the provisions of the Labor Code alleged to have been violated, and the facts and theories supporting the alleged violation. Cal. Lab. Code § 2699.3 (a)(1)(A). Thus, a later-filed PAGA claim would not "relate back" to the date of Ms. Hernandez's initial pleading. *See Harris v. Vector Marketing Corp.*, 2010 U.S. Dist. LEXIS 5659, 2010 WL 56179, at *3 (N.D. Cal. Jan. 5, 2010) (holding that a plaintiff who alleged PAGA in her original complaint but did not satisfy the notice requirements within the

limitations period could not relate back PAGA claims after mailing notice outside the limitations period); *Baas*, 2009 U.S. Dist. LEXIS 57531, 2009 WL 1765759, at *5 (N.D. Cal. June 18, 2009) (plaintiff cannot amend complaint to include PAGA claims where notice was not sent within limitations period); *Moreno v. Autozone, Inc.*, 2007 U.S. Dist. LEXIS 43873, 2007 WL 1650942, at *4 (N.D. Cal. Jun. 5, 2007) (same). Without Ms. Hernandez, the only pending PAGA claim would be the one alleged in Plaintiff's state-court action.

It is for similar reasons that Plaintiff is unwilling to dismiss her state court action and pursue her PAGA claim in the instant action. Application of the "relation back" doctrine is highly discretionary, and it is unclear whether Plaintiff can add a PAGA claim to this action that would "relate back" to the date of the original pleading. Moreover, Plaintiff need not take any chances where she timely filed a PAGA action in the superior court that is stayed pending the instant action and will therefore not interfere with the prosecution of this case. Defendants' objection to the proposed amendment improperly conflates the standard for amendment with their subjective desire for a dismissal and should be ignored.

### C. The Claim-Splitting Doctrine is Inapplicable

Following the meet-and-confer efforts of the Parties, Plaintiff understands Defendant takes the position that Plaintiff's proposed First Amended Complaint would constitute improper claim-splitting of her cause of action brought pursuant to PAGA.

The claim-splitting doctrine is derived from the claim preclusion principle and operates to bar a party from subsequent litigation where the same controversy exists. *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1058 (S.D. Cal. 2007). Under this doctrine, a court has the discretion to dismiss or stay a later-filed suit when a similar suit is pending elsewhere. *Elgin v. Dep't of Treasury*, 567 U.S. 1, 14 (2012); *Bojorquez v. Abercrombie & Fitch, Co.*, No. CV 15-9561 JGB (AGRx), 193 F. Supp. 3d 1117, 1123 (C.D. Cal. 2016) (Bernal, J.).

Again, a motion for leave to amend is not the proper mechanism to seek a stay or dismissal of a related later-filed state court action. Further, such a request would be moot because Plaintiff's later-filed state court PAGA action is already stayed.

Regardless, "[a]s pronouncements of the court's power to dismiss for claim-splitting make clear, the rule is aimed at resolving duplicative litigation *within* federal courts." *ChromoLogic LLC v. Yang*, No. SACV 13-01575 JVS(CWx), 2013 U.S. Dist. LEXIS 194442 at *6-7 (C.D. Cal. May 9, 2013) (Selna, J.). Thus, "the claim-splitting rule [is] inapplicable to the present situation, which involves concurrent jurisdiction in federal and state court—not just federal court." *Id.* at *7; *see also Kanciper v. Suffolk County SPCA*, 722 F.3d 88 (finding claim-splitting did not apply to parallel state and federal actions); *Steinberg v. Nationwide Mut. Ins. Co.*, 418 F. Supp. 2d 215, 223 (E.D.N.Y. 2006) (same); *Urbano v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 99857 at *12-13 (E.D. Cal. July 17, 2012) ("Defendants cite no case law suggesting that the claim splitting doctrine bars a later action removed to federal court that involves the same subject matter as a pending state court action.").

Thus, the claim splitting doctrine does not apply between the instant action and Plaintiff's state court PAGA action.

### III.  DEFENDANTS WILL NOT SUFFER ANY PREJUDICE FROM THE PROPOSED AMENDMENT

Defendants will not suffer any prejudice from the proposed amendment to the complaint.

Prejudice is the "touchstone" of the Court's decision on whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). This factor is so preeminent that absent any prejudice, a court will permit leave to amend a pleading even where the opposing party did not have notice of the potential claims. *See, e.g., Willner v. Manpower Inc.*, 2014 U.S. Dist. LEXIS 89008 at *11 (N.D. Cal. June 30, 2014) (permitting amendment to expand

the scope of the putative class where the complaint did not adequately put the defendant on notice that the class could be increased).

While Defendants may desire to obtain a dismissal of Plaintiff's state-court PAGA action, this mere desire to limit or avoid exposure does not constitute prejudice. *See Poulson v. Beez Bugeez, Inc.*, 1986 U.S. Dist. LEXIS 19544, 84 Civ. 7035, 1986 WL 11457 at *1 (S.D.N.Y. Oct. 3, 1986) (rejecting the defendants' argument that amendment to increase damages was prejudicial and noting that "[p]rejudice . . . does not flow from proper exposure to damages proved."). At Defendants' request, Plaintiff's state-court PAGA case has been stayed pending resolution of the instant action. Thus, there is no threat of inconsistent rulings or concurrent litigation. Upon resolution of the instant action, the state court will address whatever is left over of Plaintiff's PAGA claim, if anything.

The burden of demonstrating prejudice lies with the party opposing amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). For prejudice to justify denying leave to amend, the impact on the opposing party must be substantial. *Morongo Band of Mission Indians v. Rose*, 893 F. 2d 1074, 1079 (9th Cir. 1990) (considering among deciding factors that the new claims "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense"). Here, the proposed amendment will not alter the course of this litigation or require Defendant to expend additional resource to this action.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests leave to file the First Amended Complaint.

1  DATED:  January 5, 2018                     **YOON LAW, APC**

2

3                                              By:  */s/ Stephanie E. Yasuda*
                                                    Stephanie E. Yasuda
4                                              Attorneys for Plaintiff Chelsea Hamilton