1  KENNETH H. YOON (State Bar No. 198443)
   kyoon@yoonlaw.com
2  STEPHANIE E. YASUDA (State Bar No. 265480)
   syasuda@yoonlaw.com
3  BRIAN G. LEE (State Bar No. 300990)
   blee@yoonlaw.com
4  **YOON LAW, APC**
   One Wilshire Boulevard, Suite 2200
5  Los Angeles, California 90017
   Telephone: (213) 612-0988
6  Facsimile: (213) 947-1211

7
   Attorneys for Plaintiffs
8  Chelsea Hamilton and Alyssa Hernandez

9  [Additional counsel listed on the following page]

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13 | CHELSEA HAMILTON, individually | Case No.: 5:17-cv-01415 AB (KKx)
   | and on behalf of all others similarly |
14 | situated, and ALYSSA HERNANDEZ, | [Hon. Andre Birotte Jr., Crtrm 7B]
   | individually and on behalf of all others |
15 | similarly situated; | **PLAINTIFFS' MOTION IN LIMINE**
   | | **NO. 4 TO EXCLUDE**
16 |              Plaintiffs, | **DEFENDANTS' UNDISCLOSED**
   | | **WITNESSES**
17 | v. |

18 | WAL-MART STORES, INC., a | Date:   March 15, 2019
   | corporation, WAL-MART | Time:   11:00 a.m.
19 | ASSOCIATES, INC., a corporation and | Place:  Courtroom 7B
   | DOES 1 through 50, inclusive, |
20 | |
   |              Defendants. | Pretrial Conference Date: 3/15/19
21 | | Trial Date: 4/2/19
22 | | [Filed Concurrently with Declaration of
   | | G. Samuel Cleaver and [Proposed]
23 | | Order]

24

25

26

27

28

---

PLAINTIFFS' MOTION IN LIMINE NO. 4

G. SAMUEL CLEAVER [CSB No. 245717]
sam@gscleaverlaw.com
**LAW OFFICES OF G. SAMUEL CLEAVER**
5670 Wilshire Boulevard, 18th Floor
Los Angeles, CA 90036
Telephone: (323) 648-6676

BRIAN J. MANKIN       [CSB No. 216228]
bjm@fernandezlauby.com
PETER J. CARLSON       [CSB No. 295611]
pjc@fernandezlauby.com
**FERNANDEZ & LAUBY LLP**
4590 Allstate Drive
Riverside, CA  92501
Tel:  (951) 320-1444
Fax: (951) 320-1445
bjm@fernandezlauby.com
pjc@fernandezlauby.com

Attorneys for Plaintiffs
Chelsea Hamilton and Alyssa Hernandez

PLAINTIFFS' MOTION IN LIMINE NO. 4

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 15, 2019, at 11:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 7B of the above-entitled Court, located at 350 West First Street, Los Angeles, California 90012, Plaintiffs Chelsea Hamilton and Alyssa Hernandez ("Plaintiffs") will, and hereby do, move the Court for an order permitting them to conduct the depositions of Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc.'s (collectively "Defendants") previously unidentified witnesses, including Victoria Spradlin-Moore and Joe Barnes, from testifying at trial in this matter. In the alternative, Plaintiffs seek an order to exclude these previously unidentified witnesses from testifying at trial in this matter.

Defendants failed to identify Ms. Moore and Mr. Barnes in their October 20, 2017 Initial Disclosures and their November 15, 2018 Supplemental Disclosures.  Plaintiffs will suffer substantial prejudice if Ms. Moore is able to testify as they have not had the opportunity to depose her or conduct follow up discovery on her potential testimony.  Ms. Moore previously verified Defendants' explanation of the information in their Shift Pattern Document, (DE 177-1), which is one of the key evidentiary documents in this case for Plaintiffs' unpaid overtime claim. Because Defendants did not identify Ms. Moore in their Initial Disclosures, and served a single document in the case referencing her as verifying their supplemental interrogatory responses two days before the discovery cut-off, Plaintiffs have not had the chance to depose Ms. Moore.  Plaintiffs do not know her qualifications, her connection to this matter, and her understanding of the information in the Shift Pattern Document. Accordingly, Plaintiffs will suffer substantial prejudice if Ms. Moore testifies for Defendants at trial before Plaintiffs have had the opportunity to conduct her deposition.  Fed. R. Civ. P. Rule 37 provides for sanctions in the event of a failure to make disclosures required by Fed. R. Civ. P. Rule 26(a).

1
2
3

Plaintiffs will further be prejudiced if Mr. Barnes and any other previously unidentified witnesses testify concerning Defendants' alleged spoliation of evidence before Plaintiffs have had the opportunity to conduct his deposition.

4
5
6
7
8

Accordingly, Plaintiffs seek an order either (1) directing Defendants to make Ms. Moore and Mr. Barnes (or any other previously unidentified witness on the spoliation issue) available for deposition at least seven days prior to April 2, 2019 (the first day of trial), or (2) precluding testimony from such witnesses at trial in this action.

9
10
11
12
13
14

This motion is made following the conference of counsel pursuant to Central District of California Local Rule 37-1, which took place on February 15, 19, and 21, 2019.  Plaintiffs submit in support of this motion, the moving papers, herein, the Declaration of G. Samuel Cleaver in support hereof; the files in this matter, and any other evidence which the Court may consider at the hearing of this motion.

15
16
17
18
19
20
21

Dated: February 22, 2019

**LAW OFFICES OF G. SAMUEL CLEAVER**
**YOON LAW, APC**
**FERNANDEZ & LAUBY LLP**


By:  /s/ G. Samuel Cleaver
          G. Samuel Cleaver
Attorneys for Plaintiffs
Chelsea Hamilton and Alyssa Hernandez

22
23
24
25
26
27
28

PLAINTIFFS' MOTION IN LIMINE NO. 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND STATEMENT OF FACTS

Plaintiffs seek to depose the previously undisclosed percipient witnesses on Defendants' list of trial witnesses, Victoria Spradlin Moore and Joe Barnes. (Cleaver Decl., Ex. A.)   Defendants failed to identify either witness in their October 20, 2017 Initial Disclosures or their November 15, 2018 Supplemental Initial Disclosures.  (Cleaver Decl. Ex. B, C.)  Defendants have also refused to permit Plaintiffs to conduct the depositions of these two individuals, which request was made as part of meet and confer on this motion. Plaintiffs request, ideally, an order directing Defendants to make Ms. Moore and Mr. Barnes (or any other previously unidentified witness on the spoliation issue) available for deposition at least seven days prior to April 2, 2019 (the first day of trial). In the alternative, Plaintiffs seek an order precluding testimony from such witnesses at trial in this action.

## II. ARGUMENT

### A.   Plaintiffs Should Be Permitted to Depose Ms. Spradlin-Moore

Prior to receiving Defendants' witness list, the only knowledge Plaintiffs had of Ms. Moore was that she signed a verification on November 14, 2016 for Defendants' Supplemental Responses to Plaintiffs' Interrogatories (Set 3), Nos. 13-20.  (Cleaver Decl. Ex. D, p. 11).  November 14, 2016 was two days before the discovery cut-off in this matter (DE 89), which effectively made it impossible for Plaintiffs to depose Ms. Moore before the cut-off. Moreover, by failing to disclose Ms. Moore in their November 15 Supplemental Initial Disclosures, Defendants failed to disclose to Plaintiffs that Ms. Moore was potentially a trial witness. When Plaintiffs offered to drop their objections to Ms. Moore as a witness if Defendants would make her available for deposition, Defendants refused. (Cleaver Decl. ¶ 6.)

Rule 37(c)(1) provides for sanctions in the event of failure to make the disclosures required by Rule 26(a). If a party fails to identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion at a hearing or a trial unless the failure was substantially justified or harmless.  In addition to or instead of this sanction, the court on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv)." *See also Hoffman v. Const. Protective Servs.*, 541 F.3d 1175, 1179 (2008).

The failure to disclose Ms. Moore is particularly harmful because she verified Defendants' explanation of the information in the Shift Pattern Document (DE 177-1), which is an important document for Plaintiffs' unpaid overtime claim.  The Shift Pattern Document evidences when employees at Walmart began work at the company and what shifts the employees worked, including Alternate Work Schedule ("AWS") shifts.  Defendants' Interrogatory Responses Provide the confirmation of what data is in the AWS.  By first identifying Ms. Moore as a potential witness at the LR 16-2 conference and well after the discovery cut-off, Defendants have reserved to themselves the ability to provide an alternate explanation of the data in the Shift Pattern Document at trial, for which Plaintiffs may literally only have minutes to comprehend and challenge.[1]  This is exactly the kind of gamesmanship and unfair prejudice that the Rule 26 disclosures were meant to prevent.

---

[1]   Defendants have repeatedly stated they will agree that the data in this case constitute business records. Thus, Ms. Moore must be intended to testify as to something other than the typical testimony of a custodian or records. During meet and confer process, Defendants refused to state what Ms. Moore's testimony would be and would not confirm if she will be able to provide testimony as a custodian of records for the shift pattern data.

**B.    Plaintiffs Should Be Permitted to Depose Mr. Joe Barnes**

Plaintiffs further seek to depose Joe Barnes or any other unidentified witnesses[2] who Defendants intend to call to testify on the issue of Defendants alleged spoliation of video evidence. Contrary to the evidence, Defendants claim that they have the right call previously unidentified witnesses because Defendants have only just learned that Plaintiffs are accusing them of spoliation of evidence. In reality, Defendants have known since last fall when Defendants admitted they had destroyed highly relevant video that Plaintiffs claim spoliation. (*See e.g.* DE 146 10:19-21 ("Defendants' spoliation of evidence is relevant because it indicates that Defendants' act of delaying production may have been in bad faith and a tactical decision . . . ."). Docket Entry 146 was filed on November 9, 2018, which is six days *before* Defendants served their Supplemental Initial Disclosures. (Cleaver Decl., Ex. C.) There is, thus, no excuse for Defendants' failure to previously identify Mr. Barnes and any other witnesses to testify on the spoliation issue. Plaintiffs should be permitted to depose any previously unidentified witnesses that Defendants intend to designate on this issue.

Plaintiffs will be highly prejudiced at trial if Defendants are able to present the testimony of a witness on their video recording and preservation of video at the Chino facility for the first time at trial. Defendants have a sophisticated video recording setup at the facility that includes approximately 250 cameras. Plaintiffs will be at an extreme disadvantage if they are hearing detailed testimony about the video system for the first time at trial. As with Ms. Spradlin-Moore, Plaintiffs have not been able to take the video witnesses' depositions or conduct any follow-up discovery to determine the nature and significance of their testimony and how

---

[2]    In conference of counsel on February 21, 2019, Defendants said they would identify the witnesses on the spoliation issue as soon as possible. As part of meet and confer, Plaintiffs asked if the witness was Joe Barnes or someone else. In response, Defendants stated that they did not yet know who the witness would be, and that in addition, it might be two witnesses. Defendants did suggest it could be Mr. Barnes.As of the time of this filing, they have not identified any witnesses.

PLAINTIFFS' MOTION IN LIMINE NO. 4

to challenge at trial.  Instead, Plaintiffs will be forced to respond possibly within minutes of hearing the testimony for the first time.  Plaintiffs should not be forced into such a disadvantageous position by Defendants' failure to abide by Rule 26(a)'s requirements.

### C.   In the Alternate, Plaintiffs Seek an Order Precluding the Testimony of Defendants' Unidentified Witnesses

Plaintiffs believe that the jury should have all the information it needs to properly decide this matter.  At the same time, Plaintiffs should not be prejudiced by Defendants' failure to identify witnesses as Rule 26(a) requires. Plaintiffs have offered to waive their objections to these unidentified witnesses if Defendants would permit depositions pre-trial. Defendants refused. In the alternative to depositions, Plaintiffs seek an order excluding all testimony from the unidentified witnesses.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court an issue an order directing Defendants to make Ms. Moore and any other witnesses that Defendants intend to call to testify on the spoliation issue available for deposition at least seven days before April 2, 2019.

In the alternative, Plaintiffs request the Court exclude these previously unidentified witnesses from testifying at trial.

Dated: February 22, 2019       **LAW OFFICES OF G. SAMUEL CLEAVER**
**YOON LAW, APC**
**FERNANDEZ & LAUBY LLP**


By:  /s/ G. Samuel Cleaver
G. Samuel Cleaver
Attorneys for Plaintiffs
Chelsea Hamilton and Alyssa Hernandez

7