UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | ED CV 17-01415-AB (KKx) | Date: | March 19, 2019 |
|---|---|---|---|

| Title: | *Chelsea Hamilton, et al. v. Wal-Mart Stores, Inc., et al.* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER RE: MOTIONS IN LIMINE AND OTHER PRETRIAL DISPUTES**

Before the Court are Plaintiffs Chelsea Hamilton and Alyssa Hernandez's ("Plaintiffs") Motions in Limine 1-7 and Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc.'s ("Defendants") Motions in Limine 1-5. The Court heard oral argument on March 15, 2019 and rules as follows.[1]

## A.   PLAINTIFFS' MOTIONS IN LIMINE

1. **Plaintiffs' Motion in Limine No. 1 (Dkt. No. 206) to Exclude Testimony and Evidence of Bad Character or Conduct of Plaintiffs and Class Members and Other Legal Controversies Between Defendants, Plaintiffs, and Class Members is <u>DENIED</u>.**

Plaintiffs seek to exclude all evidence and comments that Plaintiffs and class members were unproductive, dishonest, inefficient and/or lazy, otherwise engaged in bad conduct or was disciplined by or received negative performance evaluations from

---

[1] The Court assumes familiarity with this case.

Defendants. Plaintiffs further move to exclude evidence concerning any controversies and legal actions between Defendants, Plaintiffs, and class members outside of this action. Plaintiffs argue the foregoing evidence is irrelevant and prejudicial. At the final pretrial conference, Plaintiffs indicated that their primary concern is Defendants will introduce evidence that Plaintiff Chelsea Hamilton was terminated for gross misconduct. It is not clear at this juncture what, if any, of this evidence Walmart will seek to introduce, and what such evidence Plaintiffs will open the door to. Accordingly, the Court declines to rule on the admissibility of this evidence before trial, but Plaintiffs may raise the appropriate objections at trial. However, if Defendants intend to introduce testimony or evidence to show Ms. Hamilton was terminated for gross misconduct, Defendants must first present the evidence to the Court and obtain approval.

The Motion is **DENIED without prejudice**.

2. **Plaintiffs' Motion in Limine No. 2 (Dkt. No. 207) to Exclude Evidence of Plaintiffs and Class Members' Convictions and Arrests is GRANTED in part and DENIED in part.**

Plaintiffs move to exclude all evidence regarding any arrests or criminal convictions of Plaintiffs and other class members as irrelevant under Federal Rule of Civil Procedure 401 and 402; unduly prejudicial under Rule 403; and improper character evidence under Rule 404. Specifically, Plaintiffs seek to exclude evidence of Plaintiff Alyssa Hernandez's expunged criminal conviction for a sex offense, her DUI conviction, and a bench warrant for her arrest for failure to appear in court. Defendants indicate that they do not intend to offer such evidence.

The Court finds that Hernandez's convictions and bench warrant are inadmissible unless Plaintiffs open the door. This Motion is therefore **GRANTED** as to Hernandez's convictions and bench warrant. It is unclear what, if any, other arrests or convictions Defendants will seek to introduce, and what evidence Plaintiffs will open the door to. The Court therefore **DENIES** the motion as to any unspecified arrests and convictions. If necessary, Plaintiffs may raise the appropriate objections at trial.

3. **Plaintiffs' Motion in Limine No. 3 (Dkt. No. 208) to Exclude Evidence that Plaintiffs and Class Members Liked the Alternative Work Schedules and Working for Defendants is DENIED.**

Plaintiffs seek to exclude evidence that Plaintiffs and class members, except those who voted in the Alternate Work Schedule ("AWS") elections, wanted or chose to work an AWS schedule. Plaintiffs also seek to exclude evidence that Plaintiffs and class members liked their jobs and believed that Defendants were good employers or that they have been properly paid for all the work they have performed. Plaintiffs argue such

evidence is irrelevant, has no probative value, and may lead to juror confusion.

These objections are overruled. Evidence that class members believed they were paid for all work performed is relevant to whether Walmart paid its employees for all hours worked, including overtime. And evidence that Plaintiffs and class members wanted or chose to work an AWS schedule is arguably relevant to whether Plaintiffs or class members requested a new vote on the AWS. Any potential prejudice by this evidence is outweighed by its probative value. Accordingly, the Motion is **DENIED**.

### 4. Plaintiffs' Motion in Limine No. 4 (Dkt. No. 209) to Exclude Undisclosed Witnesses is <u>DENIED</u>.

Plaintiffs seek an order either directing Defendants to make two previously undisclosed witnesses on Defendants' witness list—Victoria Spradlin Moore and Joe Barnes—available for deposition at least seven days prior to April 2, 2019, the first date of trial or an order excluding their testimony at trial. Because the Court grants Defendants' Motion in Limine No. 3 to exclude evidence regarding Defendants' alleged spoliation of evidence, the Motion is moot.

### 5. Plaintiffs' Motion in Limine No. 5 (Dkt. No. 210) for Sanctions Due to Defendants' Spoliation of Evidence is <u>DENIED</u>.

Plaintiffs move for sanctions due to Defendants' alleged spoliation of evidence seeking either (1) an order precluding Defendants from asserting that Plaintiffs' surveillance video evidence is unreliable, nonrepresentative, or in any way inadequate or (2) a special jury instruction that the jury may presume that destroyed video was unfavorable to Defendants. The Court denies the Motion for multiple reasons.

First, the Court denies the Motion as untimely. "Though there is no firm deadline imposed by statute to file a spoliation motion, courts hold that the motion must be filed in a reasonable time after the spoliation is discovered." *Emery v. Harris*, No. 1:10-CV-01947-JLT PC, 2014 WL 710957, at *5 (E.D. Cal. Feb. 21, 2014). When evaluating the timeliness of a spoliation motion, courts have considered "when the motion is made in relation to when the spoliation is discovered and to when any dispositive motion was filed and to be cautious of motions made on the eve of trial but to consider the explanation of the moving party as to why the motion was not made earlier." *Id.* Here, Plaintiffs discovered Defendants' alleged spoliation of surveillance video approximately six months before trial. Now, seventeen days before the trial, Plaintiffs move for sanctions for Defendants' alleged spoliation of the video footage with no excuse for their delay. Plaintiffs' conduct fails to demonstrate any degree of diligence and, as a result and as an alternative basis, the Motion is denied.

Second, this Motion is moot in light of the Court's previous order finding Plaintiffs (not Defendants) were at fault for any missing surveillance video and the Court's ruling on Defendants' Motion in Limine No. 3 below. (*See* Dkt. No. 237.) Third, Plaintiffs did not meet and confer with defense counsel prior to filing this Motion. And fourth, even if the Court considers the motion anew, the Court finds Plaintiffs have failed to demonstrate spoliation of evidence. Accordingly, Plaintiffs' Motion is **DENIED**.

> **6.  Plaintiffs' Motion in Limine No. 6 (Dkt. No. 211) to Preclude Defendants from Altering or Contradicting their 30(b)(6) Designee's Testimony is <u>DENIED</u>.**

Plaintiffs move for an order precluding Defendants from "altering" or "contradicting" the testimony of David Alvarado, their 30(b)(6) designee, regarding the votes submitted in the election for the 3/11.25 alternative workweek schedule. The Court has reviewed the deposition testimony of Mr. Alvarado and concludes that any ambiguities in his testimony should be addressed on cross-examination, not by motion in limine. *See Snapp v. United Transp. Union*, 889 F.3d 1088, 1102-04 (9th Cir. 2018) ("[T]he testimony of a Rule 30(b)(6) deponent does not absolutely bind the corporation in the sense of a judicial admission, but rather is evidence that, like any other deposition testimony, can be contradicted and used for impeachment purposes.") The Court therefore **DENIES** Plaintiffs' Motion.

> **7.  Plaintiffs' Motion in Limine No. 7 (Dkt. No. 203) to Preclude Defendants from Introducing Declarations and Depositions in Lieu of Live Testimony is <u>DENIED</u>.**

Plaintiffs seek to exclude deposition transcripts and declarations in lieu of live testimony at trial. Plaintiffs argue that they do not satisfy any of the bases for admitting deposition testimony set forth in Federal Rule of Civil Procedure 32(a). In particular, some of the witnesses or declarants live within 100 miles of the Courthouse, so they are not "unavailable" as required to admit their deposition testimony under Rule 32(a)(4). This objection is overruled.

This Motion is premature. Defendants designated deposition testimony and identified declarations in this action as required under the local rules. However, Defendants made the designations at issue in case the witnesses were beyond subpoena power or failed to appear. The Court also rejects Plaintiffs' argument that the deposition testimony and the declarations are hearsay. This appears to be a nonissue because Defendants intend to offer the evidence for impeachment purposes and as state of mind evidence to demonstrate Defendants' good faith, not for the truth of the matter asserted.

The Court therefore **DENIES** the Motion. The Court **ORDERS** the parties to meet

and confer before seeking to admit deposition testimony to attempt to resolve or narrow any future issues.

B.  **DEFENDANTS' MOTIONS IN LIMINE**

1.  **Defendants' Motion in Limine No. 1 (Dkt. No. 195) to Exclude Expert Testimony of Dr. Brian Kriegler and Dr. Stephanie Bonin is GRANTED in part and DENIED in part.**

Defendants seek to exclude expert testimony of Dr. Brian Kriegler and Dr. Stephanie Bonin on the ground that their reports were untimely, and their testimony is irrelevant, not reliable, and that it is not helpful to the trier of fact and thus fails the *Daubert* test. The motion to exclude Dr. Bonin's testimony and supplemental report is moot in light of the Court's Order resolving Defendants' prior motion to strike. (*See* Dkt. No. 237 at 15 n.6.) Dr. Bonin's expert testimony and expert report, including her initial and more recent supplemental report are inadmissible at trial.

Defendants move to exclude Dr. Kriegler's initial report, first supplemental report, and second supplemental report. The Court's Order resolving Defendants' motion to strike moots the Motion as to the initial report and first supplemental report. Defendants' *Daubert* challenge to Dr. Kriegler's *second* supplemental report is also moot because Defendants' *Daubert* analysis is centered on Dr. Kriegler's opinions regarding security checkpoint time, waiting time, and walking time, as well as his opinion in support of Plaintiffs' meal period interruption claim. The Court, however, decertified those claims in its March 4, 2019 decertification order. (*See* Dkt. No. 237.) The Court will enforce its March 4, 2019 Order as to the security check time, waiting time, walking time, and meal period interruption claims and preclude expert opinion from Dr. Kriegler's second supplemental report on those claims. The Court finds the rest of his opinions in the second supplemental report are admissible because Dr. Kriegler provides no new methods for calculating damages for the remaining claims and merely supplemented his report under Rule 26(e).

Accordingly, Defendants' Motion is **GRANTED** in part and **DENIED** in part **without prejudice**. Plaintiffs' are **ORDERED** to make Dr. Kriegler available for deposition before March 27, 2019. If Defendants have additional objections after the deposition and beyond the scope of this Order, Defendants may object at trial.

2.  **Defendants' Motion in Limine No. 2 (Dkt. No. 196) to Exclude Sampled Individual Class Member Testimony is DENIED.**

Defendants move to preclude Plaintiffs from offering individual testimony from class members (including the named Plaintiffs) that were surveyed or sampled by

Plaintiffs' counsel (via the method of hand-picking them) concerning their personal experience during the class phase of this action. Defendants argue Plaintiffs have made no attempt to demonstrate through expert testimony that any proposed survey of class members is a scientifically reliable indicator of the experience of all class members across many years and thousands of shifts. Defendants point out that Plaintiffs identify just twenty-three hand-chosen putative class members of 5,117 class members to provide individual testimony. Defendants also point out that Plaintiffs have not presented—and do not intend to present—any evidence that individual testimonies are randomly selected, would be a sufficient number to be statistically relevant, and would be a scientifically reliable indicator of the experience of all class members.

Plaintiffs counter by arguing Defendants "conflate the testimony of the 23 percipient witnesses with the 'representative evidence' Plaintiffs actually seek to use at trial in the form of class-wide time/payroll data, expert findings and surveys, and expert testimony." (Dkt. No. 216 at 2.) The Court is inclined to agree with Plaintiffs' argument in *theory*—technically the 23 employees *could*, at least under the Federal Rules, testify as percipient witnesses (though, this raises concerns about cumulative testimony). The Court therefore **DENIES** this Motion. Defendants may object to cumulative testimony if appropriate at trial.

3.   **Defendants' Motion in Limine No. 3 (Dkt. No. 197) to Exclude Improper Reference to and Argument Concerning Alleged Spoliation of Evidence is GRANTED.**

Defendants next move to exclude evidence that they destroyed surveillance video footage, fearing that Plaintiffs intend to introduce that evidence at trial to obtain adverse inferences from the destruction. The Court **GRANTS** the Motion.

A court may impose sanctions as part of its power to manage an orderly and expeditious trial. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The court has discretion to impose certain sanctions in response to spoliation of relevant evidence, including allowing the jury to draw an adverse inference from the destruction of the evidence. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). In determining whether an adverse inference sanction is appropriate, the party seeking sanctions must show "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *UMG Recordings, Inc. v. Hummer Winblad Venture Partners (In re Napster, Inc. Copyright Litig.)*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006).

The Court will not belabor its analysis as it has discussed Plaintiffs' efforts (or lack thereof) to secure this video footage in the preceding section and in the Court's March 4, 2019 Order resolving Defendants' motion to strike and motion for decertification. Here, Plaintiffs have failed to carry their burden because there is no evidence the video footage was *destroyed*. Defendants notified Plaintiffs in January 2018 that they would preserve the video that had been *collected* but would no longer collect the amount of video Plaintiffs requested because it placed a tremendous burden on Defendants and was overbroad given discovery needs in this case. Plaintiffs did nothing to secure this video evidence. Nor did Plaintiffs timely move for sanctions, as stated above. The Court is also not convinced that Defendants had an obligation to preserve it at the time it was allegedly destroyed or that it was destroyed with a culpable mind given that Defendants gave Plaintiffs advanced notice before it stopped collecting video footage.

The Court therefore **GRANTS** the Motion. Plaintiffs shall not present any evidence regarding Defendants' alleged spoliation of surveillance video footage.

4. **Defendants' Motion in Limine No. 4 (Dkt. No. 198) to Exclude References to Defendant Having "Implemented an AWS" or Words to that Effect is <u>DENIED</u>.**

Defendants seek to exclude testimony, including references during opening statements, to the effect that Walmart "implemented an AWS" or "adopted an AWS" for certain groups of employees. Defendants contend such statements would be misleading, unfair, and prejudicial because an AWS cannot be unilaterally implemented by an employer. Defendants reason the issue here "is whether the *election* by which the parties implemented an AWS was *valid*." (Dkt. No. 198 at i.)

These objections are overruled. References in opening statements are not evidence and the Court will instruct the jury accordingly. The Court will also instruct the jury on the law governing an AWS. In light of these instructions, references that Defendants "implemented an AWS" are not sufficiently prejudicial to warrant exclusion. The Motion is **DENIED**.

5. **The Court <u>DEFERS</u> Ruling on Defendants' Motion in Limine No. 5 (Dkt. No. 199) to Exclude References to Employees Having Been "Hired" Before Their First Day of Work or Words to that Affect.**

Defendants move to exclude testimony, including references during opening statements, that Walmart "hired" associates as of the time the employee accepted Walmart's offer of employment, rather than the "hired" date reflected in the records on the ground that its prejudicial under Rule 403.

At the final pretrial conference, the Court requested supplemental briefing as to whether the date that an employee is "hired" is a legal question for the Court or whether the question should be decided by the jury. Accordingly, the Court **DEFERS** ruling on this Motion.

## C.     OTHER ISSUES RAISED BY COUNSEL

At the final pretrial conference, the parties asked the Court to make other rulings unrelated to the motions in limine. The Court will briefly restate its rulings:

- Plaintiffs may not pursue PAGA penalties as to any claims.

- Plaintiffs Hamilton and Hernandez may not pursue claims for off-the-clock work or unpaid overtime in their individual capacities in light of defense counsel's representations that, during meet and confer sessions, "Plaintiffs' counsel confirmed that Plaintiffs Hamilton and Hernandez would not be pursuing claims for off-the-clock work or unpaid overtime in their individual capacities." (Dkt. No. 240-1, Declaration of Mark Kemple ¶ 2; *see* March 15, 2019 Transcript ("It was represented to us that to the extent they were not certified these claims were not going to be pursued by individuals.").)

- Plaintiffs may introduce testimony regarding the nature of the security check, which will help the jury understand what the security check is and why a reasonable person might be dissuaded by it. Defendants can exploit any weakness in witness testimony through cross-examination or by presenting their own evidence.

- The parties are **ORDERED** to meet and confer and submit revised pretrial filings no later than **March 25, 2019**. The Court takes this opportunity to remind both parties that vigorous representation of their respective clients is no substitute for avoiding frivolous litigation and complying with Court rules. Going forward, the Court expects both sides to make a concerted effort to litigate only the issues in dispute, to make concessions in good faith when the law is not on their side, and to communicate with the utmost civility and professionalism.

**IT IS SO ORDERED.**