Mark D. Kemple (SBN 145219)
kemplem@gtlaw.com
Robert J. Herrington (SBN 234417)
herringtonr@gtlaw.com
Matthew R. Gershman (SBN 253031)
gershmanm@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for Defendants WAL-MART STORES, INC.
and WAL-MART ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA HAMILTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., a corporation, WAL-MART ASSOCIATES, INC., a corporation and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. 5:17-cv-01415 AB (KKx) <br><br> **PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS** <br><br> Trial:  April 2, 2019 <br> Time: 8:30 AM <br> Place: <br><br> Hon. André Birotte Jr. |

**DATED**:  _____

_____

**THE HONORABLE ANDRÉ BIROTTE JR.**

*ACTIVE 42564186*

Pursuant to Federal Rule of Civil Procedure 51, Local Rules 51-1 through 51-4, and the Court's Order re: Jury/Court Trial, Plaintiffs Chelsea Hamilton and Alyssa Hernandez, and Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. respectfully submit the attached instructions for the jury.

# INDEX[1]

| No. | Title | Source | Page |
|---|---|---|---|
| 1 | DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL) | 1.2 | 5 |
| 2 | DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES) | 1.3 | 6 |
| 3 | CLAIMS AND DEFENSES | 1.5 | 7 |
| 4 | BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE | 1.6 | 9 |
| 5 | WHAT IS EVIDENCE | 1.9 | 10 |
| 6 | WHAT IS NOT EVIDENCE | 1.10 | 11 |
| 7 | EVIDENCE FOR LIMITED PURPOSE | 1.11 | 12 |
| 8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 1.12 | 13 |
| 9 | RULING ON OBJECTIONS | 1.13 | 14 |
| 10 | CREDIBILITY OF WITNESSES | 1.14 | 15 |
| 11 | CONDUCT OF THE JURY | 1.15 | 17 |
| 12 | NO TRANSCRIPT AVAILABLE TO JURY | 1.17 | 19 |

[1] Unless stated otherwise, all source references are to the Ninth Circuit Model Civil Jury Instructions.

1

*ACTIVE 42564186*

| No. | Title | Source | Page |
|---|---|---|---|
| 13 | TAKING NOTES | 1.18 | 20 |
| 14 | BENCH CONFERENCES AND RECESSES | 1.20 | 21 |
| 15 | CAUTIONARY INSTRUCTION—FIRST RECESS | N/A | 22 |
| 16 | OUTLINE OF TRIAL | 1.21 | 23 |
| 17 | STIPULATIONS OF FACT | 2.2 | 24 |
| 18 | USE OF INTERROGATORIES | 2.11 | 25 |
| 19 | DEPOSITION IN LIEU OF LIVE TESTIMONY | 2.4 | 26 |
| 20 | EXPERT OPINION | 2.13 | 27 |
| 21 | CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE | 2.14 | 28 |
| 22 | CHARTS AND SUMMARIES RECEIVED IN EVIDENCE | 2.15 | 29 |
| 23 | CORPORATIONS AND PARTNERSHIPS | 4.1 | 30 |
| 24 | INTRODUCTION TO JURY INSTRUCTIONS REGARDING CLAIMS CERTIFIED FOR CLASS TREATMENT | N/A | 31 |
| 25 | INTRODUCTION TO JURY INSTRUCTIONS REGARDING PLAINTIFFS' INDIVIDUAL CLAIMS | N/A | 32 |
| 26 | DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE) | 1.4 | 33 |
| 27 | DUTY TO DELIBERATE | 3.1 | 34 |
| 28 | CONSIDERATION OF EVIDENCE | 3.2 | 35 |
| 29 | COMMUNICATION WITH COURT | 3.3 | 37 |
| 30 | RETURN OF VERDICT | 3.5 | 38 |
| 31 | CLASS DAMAGES—PROOF | 5.1 | 39 |

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 32 | DAMAGES FOR PLAINTIFFS' INDIVIDUAL CLAIMS—PROOF | 5.1 | 40 |

Respectfully submitted,

Dated: March 25, 2019          GREENBERG TRAURIG, LLP


    */s/ Mark D. Kemple*
Attorneys for Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc.


DATED:  March 25, 2019          YOON LAW APC


By /s/Kenneth H. Yoon
Stephanie Emi Yasuda
Brian G. Lee
Kenneth H. Yoon
Attorneys for Plaintiffs CHELSEA HAMILTON and ALYSSA HERNANDEZ


*Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Kenneth H. Yoon, on whose behalf this filing is jointly submitted, concurs in this filing's content and has authorized me to file this document.*

DATED:  March 25, 2019          GREENBERG TRAURIG, LLP


By /s/ *Mark D. Kemple*
Attorneys for Defendants WAL-MART STORES, INC. and WAL-MART ASSOCIATES, INC.

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

Page intentionally left blank

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 1. (GENERAL)**

**DUTY OF JURY (COURT READS AND *PROVIDES* WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

*Authority:* Ninth Circuit Model Civil Jury Instruction 1.2

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 2.  (GENERAL)**

**DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL *BUT DOES NOT PROVIDE* WRITTEN COPIES)**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 1.3

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 3. (SPECIAL)**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs, Chelsea Hamilton and Alyssa Hernandez, assert the following claims on behalf of the Class and Subclasses:

(1)  Plaintiffs claim that Walmart owes overtime pay to employees who worked under an alternative workweek schedule, which I will explain in subsequent instructions.

(2)  Plaintiffs claim that Walmart failed to provide employees with meal breaks in accordance with state law.

 (3)  Plaintiffs claim that Walmart did not pay all overtime wages that were owed to certain employees when their employment ended.

Plaintiffs Chelsea Hamilton and Alyssa Hernandez have the burden of proving these claims on behalf of each relevant Class or Subclass.

Plaintiffs Chelsea Hamilton and Alyssa Hernandez assert the following individual claims on behalf of themselves only:

(1)  entitlement to rest break premiums; and

(2)  entitlement to second meal break premiums.

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

Plaintiffs Chelsea Hamilton and Alyssa Hernandez have the burden of proving these individual claims as well.

Walmart denies all of these claims.  Walmart also asserts the following affirmative defenses:

> (1)  unclean hands; and
> (2)  statute of limitations

Walmart has the burden of proof on these affirmative defenses.

The plaintiffs deny Walmart's affirmative defenses.

***Authority:***    Ninth Circuit Model Civil Jury Instruction 1.5 (modified)

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 4.  (GENERAL)**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Authority:*    Ninth Circuit Model Civil Jury Instruction 1.6

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 5 (GENERAL)**

**<u>WHAT IS EVIDENCE</u>**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

*Authority:*    Ninth Circuit Model Civil Jury Instruction 1.9, modified to incorporate class action.

*ACTIVE 42564186*

## JOINT INSTRUCTION NO. 6. (GENERAL)
## <u>WHAT IS NOT EVIDENCE</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 1.10

**JOINT INSTRUCTION NO. 7. (GENERAL)**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 1.11

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 8. (GENERAL)**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 1.12 (modified to include illustrative example from Comment)

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 9. (GENERAL)**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 1.13

**JOINT INSTRUCTION NO. 10. (GENERAL)**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the

other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

***Authority:***    Ninth Circuit Model Civil Jury Instruction 1.14

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 11. (GENERAL)**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

*Authority:*    Ninth Circuit Model Civil Jury Instruction 1.15

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 12. (GENERAL)**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 1.17

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 13. (GENERAL)**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the envelope in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 1.18

**JOINT INSTRUCTION NO. 14. (GENERAL)**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 1.20

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 15. (SPECIAL)**

**CAUTIONARY INSTRUCTION—FIRST RECESS**

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in social media, Facebook, Twitter, Reddit, emails or text/instant messaging. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors. If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

*Authority:*   N/A

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 16. (GENERAL)**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendant may cross examine. Then the defendant may present evidence, and counsel for the plaintiffs may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*Authority:* Ninth Circuit Model Civil Jury Instruction 1.21

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 17. (GENERAL)**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

*Authority:*    Ninth Circuit Model Civil Jury Instruction 2.2

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 18. (GENERAL)**

**USE OF INTERROGATORIES**

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatory questions submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 2.11

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 19. (GENERAL)**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 2.4, but modified to omit the following:  "The deposition of [name of witness] was taken on [date]."

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 20. (GENERAL)**

**EXPERT OPINION**

You are about to hear testimony from [*INSERT NAME OF EXPERT*] who will testify to opinions and the reasons for his or her opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 2.13

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 21. (GENERAL)**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

*Authority:*    Ninth Circuit Model Civil Jury Instruction 2.14

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 22. (GENERAL)**

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 2.15

**JOINT INSTRUCTION NO. 23. (GENERAL)**

**CORPORATIONS AND PARTNERSHIPS**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 4.1

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 24. (SPECIAL)**

**<u>INTRODUCTION TO JURY INSTRUCTIONS REGARDING CLAIMS</u>**
**<u>CERTIFIED FOR CLASS TREATMENT</u>**

I will now provide you with some instructions regarding those claims that are being brought by Plaintiffs Chelsea Hamilton and Alyssa Hernandez on behalf of a specific class or subclass.

***Authority:*** Not applicable.

**JOINT INSTRUCTION NO. 25. (SPECIAL)**

**INTRODUCTION TO JURY INSTRUCTIONS REGARDING PLAINTIFFS'**

**INDIVIDUAL CLAIMS**

I will now provide you with some instructions regarding those claims that are being brought by Plaintiffs Chelsea Hamilton and Alyssa Hernandez on behalf of themselves as individuals only, and not on behalf of any class or subclass.

*Authority:*   Not applicable.

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 26. (GENERAL)**

**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 1.4

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 27. (GENERAL)**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 3.1

---

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 28. (GENERAL)**
**CONSIDERATION OF EVIDENCE**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you

have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

***Authority:***   Ninth Circuit Model Civil Jury Instruction 3.2

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 29. (GENERAL)**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court— how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 3.3

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 30. (GENERAL)**

**RETURN OF VERDICT**

A verdict form has been prepared for you.

After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

*Authority:*   Ninth Circuit Model Civil Jury Instruction 3.5

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

*ACTIVE 42564186*

**JOINT INSTRUCTION NO. 31. (GENERAL)**

**CLASS DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for any class or sub-class on any of the claims brought on its behalf, you must determine the damages it might be owed.  Plaintiffs Chelsea Hamilton and Alyssa Hernandez have the burden of proving damages on behalf of a class or sub-class by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the class or subclass members for any injury you find was caused by Walmart.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*Authority:*    Ninth Circuit Model Civil Jury Instruction 5.1, modified to address class action

PARTIES' JOINTLY PROPOSED JURY INSTRUCTIONS

**JOINT INSTRUCTION NO. 32. (GENERAL)**

**DAMAGES FOR PLAINTIFFS' INDIVIDUAL CLAIMS—PROOF**

It is the duty of the Court to instruct you about the measure of damages for Plaintiffs' individual claims.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Chelsea Hamilton or Plaintiff Alyssa Hernandez on their individual claims for rest break premiums and second meal break premiums, you must determine the damages that might be owed.  Each Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiffs or class members for any injury you find was caused by a defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*Authority:*    Ninth Circuit Model Civil Jury Instruction 5.1, modified to address class action