Mark D. Kemple (SBN 145219)
kemplem@gtlaw.com
Robert J. Herrington (SBN 234417)
herringtonr@gtlaw.com
Matthew R. Gershman (SBN 253031)
gershmanm@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
herringtonr@gtlaw.com

Attorneys for Defendants WAL-MART STORES, INC. and WAL-MART ASSOCIATES, INC.,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHELSEA HAMILTON, et al.,

Plaintiffs,

v.

WAL-MART STORES, INC., a corporation, WAL-MART ASSOCIATES, INC., a corporation and DOES 1 through 50, inclusive,

Defendants.

CASE NO. 5:17-cv-01415 AB (KKx)

**WALMART'S BRIEF REGARDING (1) ALTERNATIVE WORKWEEK SCHEDULE NOT BEING AN AFFIRMATIVE DEFENSE, AND (2) OBJECTIONS TO PLAINTIFFS' PROFFERED EVIDENCE OF ALLEGED SUBSEQUENT REMEDIAL MEASURES IMPLEMENTED AFTER THE CLASS PERIOD**

Judge: Hon. Andre Birotte Jr.
Pretrial conference: March 15, 2019
Trial: April 2, 2019

## I. INTRODUCTION

In their motion for partial summary judgment, Plaintiffs briefed and argued their contention that an Alternative Workweek Schedule ("AWS") is an affirmative defense. [Dkt. 166 at 8.] In its Order on the parties' motions for partial summary judgment, the Court stated:

> Walmart argues "AWS is not an exemption defense because it is not an exemption," which are set forth in Wage Orders. (Dkt. No. 172 at 16.) <u>The Court agrees.</u> Labor Code section 510, which sets forth the general overtime requirements, expressly states the regular overtime requirements "do not apply to the payment of overtime compensation to an employee working pursuant to," among other things, "[a]n alternative workweek schedule adopted pursuant to Section 511."

[Dkt. 236 at 19. (emphasis added).] At the March 15, 2019 final pretrial conference hearing, however, Plaintiffs stated that their position that AWS remained an affirmative defense for which Walmart had the burden of proof at trial and requested further briefing on this issue. As set forth below, the Court correctly ruled that an AWS is not an affirmative defense, and Plaintiffs have no basis to proceed otherwise.

Relatedly, at the parties' subsequent in-person, meet-and-confer on March 19, 2019, Plaintiffs stated that they will attempt to introduce evidence at trial that, after the class period, Walmart ended the AWS at the Chino e-Commerce Fulfillment Center—the inference being that this was purportedly a subsequent remedial measure and thus an admission by Walmart that the previously-utilized AWS was not legally compliant. Such evidence is improper, for several reasons. First, it is wholly irrelevant, as it concerns schedule changes outside of the class period, after the class period had ended. Second, under Plaintiffs' theory, this would-be evidence of what Plaintiffs contend was a subsequent remedial measure, which is plainly inadmissible to prove culpable conduct under Federal Rule of Evidence 407. As such, Plaintiffs may not seek to present such

evidence at trial.

For these reasons, and as further discussed below, Plaintiffs' efforts to re-litigate a settled ruling regarding the burden on AWS should be rejected, and Plaintiffs should also not be allowed to put on irrelevant evidence of schedule changes occurring after the end of the class period.

## II. LEGAL DISCUSSION

### A. The Court Correctly Ruled that an AWS is Not an Affirmative Defense.

As this Court correctly ruled, an AWS is not an exemption defense, because it is not an exemption. This is because exemptions are set forth in Wage Orders. *See, e.g.*, Cal. Code Regs. tit. 8, § 11090(1) (available exemptions). AWS, however, is in a separate section not dealing with exemptions. *Id.* § 11090(3). This makes sense, because AWS employees are not exempt from overtime, but rather opted for a different schedule whereby they earn overtime at different thresholds. The Labor Code's structure confirms this, because the general overtime rules are in § 510, the AWS rules are in § 511, and § 515, in turn, provides that the IWC "may establish exemptions from the requirement that an overtime rate of compensation be paid pursuant to Sections 510 and 511." In other words, AWS is not the exemption defense, but rather there are overtime exemption defenses that apply to the AWS rules.

Viewed another way, through Labor Code § 515, the Legislature confirmed that the IWC's ability to create defenses through Wage Orders was limited to promulgating exemptions to the overtime thresholds under both Labor Code § 510 (regular overtime thresholds) and § 511 (AWS overtime thresholds). *See* Cal. Labor Code § 511 ("The Industrial Welfare Commission may establish exemptions from the requirement that an overtime rate of compensation be paid pursuant to Sections 510 and 511 …"). Thus, the IWC could not create a defense called AWS, but rather could only create defenses to the overtime rules that exist either under Sections 510 (non-AWS) or 511 (AWS).

Further illustrating the point are the Judicial Counsel of California Civil Jury

Instructions ("CACI"). They contain two instructions for affirmative defenses to claims for unpaid overtime, but neither identifies AWS as a defense. *See* CACI 2720, 2721 (2019). In fact, these instructions do not address AWS at all, but instead address the executive exemption and administrative exemption—both of which are expressly listed as exemptions in the Wage Order, pursuant to the IWC's promulgated authority, and thus CACI properly identifies those exemptions as affirmative defenses. *See* Cal. Code Regs. tit. 8, § 11090(1)(A)(1); and (2); *see also* Hon. Ming W. Chin et al., California Practice Guide: Employment Litigation, Ch. 19-O ¶ 19:1124.2 (2018) (explaining that it is an employer's burden to demonstrate the administrative and executive exemptions from overtime compensation, without any mention of the employer having the burden to demonstrate the validity of an AWS).

At the parties' March 19, 2019 meet and confer conference, Plaintiffs asserted that AWS must be an affirmative defense if it is not referenced in Labor Code section 510, the statute they cite as creating the cause of action for unpaid overtime. But the premise of Plaintiffs' argument is undone by the language of that very Labor Code section. As the Court already held:

> Labor Code section 510, which sets forth the general overtime requirements, expressly states the regular overtime requirements 'do not apply to the payment of overtime compensation to an employee working pursuant to,' among other things,"[a]n alternative workweek schedule adopted pursuant to Section 511."

(Dkt. 236 at 19 (quoting Labor Code § 510).) In other words, the very statute on which Plaintiffs rely—Labor Code § 510—makes plain that, where an employee claims unpaid overtime, the applicable rules depend on what type of schedule that employee worked. Thus, the employee must prove as part of the claim that either (i) the AWS is invalid, and therefore the rules in Section 510 apply and were violated by the employer, or (ii) the different overtime rules applicable to an AWS under Section 511 were violated by the

employer.[1] Either way, it is for the plaintiff to establish the employer did not pay the proper rate of pay based on the thresholds that the plaintiff proves are applicable in his or her case.

This interpretation is consistent with the approach to determining the burden of proof in statutory claims as explained by the Supreme Court in *Schaffer v. Weast*, 546 U.S. 49, 56-58 (2005): "When we are determining the burden of proof under a statutory cause of action, the touchstone of our inquiry is, of course, the statute." *Id.* at 56. When, however, the plain text of the statute is silent as to the burden of proof, "the ordinary default rule [is] that plaintiffs bear the risk of failing to prove their claims." *Id.* The Supreme Court also articulated that, "absent some reason to believe that [the legislative body] intended otherwise, therefore, we will conclude that the burden of persuasion lies where it usually falls, upon the party seeking relief." *Id.* at 57-58.

Plaintiffs have stated two reasons for why they believe that the Legislature intended to shift the burden to employers. First, Plaintiffs state that the purpose of the Labor Code is to protect employees, and all inferences should be made towards that end. This position was explicitly addressed and rejected by the Supreme Court in *Schaffer* when it refused to place the burden of proof on schools despite petitioner's argument that students bearing the burden of proof was inconsistent with the policy considerations underlying the Individuals with Disabilities Education Act. *Id*. at 60. Further, as the Ninth Circuit has held, if a legislative body "intended to depart from the default rule and make [a statutory element] an affirmative defense or exemption" it would do so explicitly. *Tourgeman v. Nelson &*

[1] Section 511 is drafted in similar fashion to Section 510—i.e., it lists the thresholds at which an employee working an AWS is to be paid at his or her regular rate of pay versus the overtime rate of pay. Employees working an AWS therefore may, as applicable, claim any or all of the following: (1) that the employer failed to pay overtime for hours worked in excess of 10 in a day; (2) that the employer failed to pay overtime for hours worked in excess of 8 in a day on days worked "beyond the regularly scheduled hours established by the alternative workweek agreement;" or (3) that the AWS is invalid, and thus the regular overtime thresholds set forth in Section 510 should apply instead. Cal. Labor Code §§ 511(a), 511(b).

*Kennar*, 900 F.3d 1105, 1110 (9th Cir. 2018). Here, the Legislature has demonstrated its ability to create exemptions (i.e., defenses) by explicitly delegating that authority to the IWC in Labor Code Section 515. Thus, if the Legislature intended to make an AWS an affirmative defense, it would have also done so explicitly.

Further, Plaintiffs' policy argument completely ignores the practical impact that such a burden shift would have. Namely, if an AWS was an affirmative defense, a single employee who did not want an AWS could essentially ensure that no California employer ever proposes an AWS, for if the employer were to do so, then after enactment of an AWS the employee could sue for overtime – with all its attendant costs – based on nothing more than the assertion that he/she was not paid an overtime rate for work in excess of 8 hours. That makes no sense, is the inverse of the public policy behind the rules allowing for employees to self-select their schedules through an AWS election, and is contrary to the plain language of Labor Code Section 510, which states that the 8-hour overtime threshold does "not apply to the payment of overtime compensation to an employee working pursuant to,' among other things, '[a]n alternative workweek schedule adopted pursuant to Section 511.'" (Dkt. 236 at 19 (quoting Labor Code § 510).)

Plaintiffs' second contention is that AWS should be an affirmative defense because Plaintiffs should not have the burden of proof on a claim where the evidence is allegedly in a defendant's control. Again, although the Supreme Court acknowledged the existence of this principle, it stated that "this rule is far from being universal, and has many qualifications upon its application" because "[v]ery often one must plead and prove matters as to which his adversary has superior access to the proof." *Schaffer*, 546 U.S. at 60. And in *Tourgeman*, the Ninth Circuit addressed similar contentions in the context of the Fair Debt Collection Practices Act. Specifically, the plaintiff argued that the burden of proof to demonstrate the defendant's net worth—a necessary element to a plaintiff's claim—should fall on the defendant because the defendant had unique control over that information. *Tourgeman*, 900 F.3d at 1112. The Ninth Circuit rejected this contention because "it is not

uniquely difficult for consumer plaintiffs to acquire the debt collector's financial information" and the plaintiff "had every opportunity to acquire evidence of . . . net worth." *Id.* at 1113. So too here. Plaintiffs have failed to identify anything "uniquely difficult" about acquiring Walmart's records for the AWS vote—nor could they. Simply, Plaintiffs have conducted extensive discovery in this matter and have hundreds of pages of AWS meeting and election records that they intend to introduce at trial. In fact, the AWS documents are not unique from any other documents used to prove a wage-and-hour claim—which documents often are in an employer's possession. This is exactly what the discovery process is for. Plaintiffs have certainly never claimed that they have insufficient evidence to prove their claim, although Walmart would accept such a concession. Plainly, as the Ninth Circuit held, there is no reason to consider shifting the burden of proof where the documents are not "uniquely difficult" to acquire.

At that same meeting of counsel, Plaintiffs also repeated the arguments they previously made to the Court in their partial summary judgment briefing. Namely, they again cited *Maldanado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1326 (2018), and claimed it somehow establishes that AWS is a defense. But, as previously discussed in the briefing leading up to the Court's AWS ruling, *Maldonado* contained no analysis on this issue, but rather just assumed AWS was a defense, citing to *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 794-795 (1999). But *Ramirez* did not involve an AWS and made no finding about whether an AWS is an exemption defense. Instead, *Ramirez* simply addressed the evidentiary burden regarding the outside salesperson exemption, which is specifically labeled as one of the available exemptions to the overtime rules under the Wage Order. *See, e.g.*, Cal. Code Regs. tit. 8, § 11090(1)(C). Thus, *Ramirez* simply held, in that context involving an express exemption, that "the assertion of an exemption from the overtime laws is considered to be an affirmative defense, and therefore the employer bears the burden of proving the employee's exemption." *Ramirez*, 20 Cal. 4th at 794-95. Returning to *Maldonado*, that decision therefore did not appear to consider that: (1)

employees working an AWS are not exempt from overtime, but rather remain eligible for overtime, *see, e.g.*, Cal. Code Regs. tit. 8, § 11090(3)(B)(1); and (2) Labor Code § 515 provides that IWC Wage Orders may create overtime exemptions for those working an AWS, just as for those working a non-AWS. In sum, unlike in *Ramirez*, the outside salesperson exemption is not at issue, and, unlike that exemption or any other exemption from overtime laws, AWS is not listed in any statute or Wage Order as one of the enumerated exemptions (i.e., defenses) to overtime.

Plaintiffs also cited to *Morrelli v. Corizon Health, Inc.*, No. 1:18-cv-1395-LJO-SAB, 2019 U.S. Dist. LEXIS 29717 (E.D. Cal. Feb. 25, 2019), and make the same claims. However, exactly as in *Maldonado*, the *Morelli* court merely restated the holding in *Ramirez*—which addressed only an expressly enumerated exemption in the Wage Order, i.e., the outside sales person exemption—without any apparent analysis of whether an AWS is actually an exemption, and without any recognition of the fact that no statute or Wage Order ever includes AWS amongst the list of enumerated exemptions (i.e., defenses) to overtime. *Id*. at *22.

Finally, Plaintiffs generally pointed to the DLSE manual, without citing a specific section of it. But even assuming Plaintiffs meant to cite Section 56.22.2 of the DLSE manual, any reliance thereon would be misplaced, because that section simply describes the burden in an agency investigation—not civil litigation. There is no agency investigation before the Court, and thus any evidentiary rules or burdens that would apply in agency investigations are irrelevant. To that end, the DLSE section never says that AWS is an exemption defense in a civil court action. Further still, settled law holds that the DLSE Manual is a void regulation and, as such, the California Supreme Court holds that the manual's interpretations are "entitled to no deference." *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 563 (2007); *see also McFarland v. Guardsmark, LLC*, 538 F. Supp. 2d 1209, 1217 (N.D. Cal. 2008) (rejecting reliance on DLSE Manual, "as the California Supreme Court has found that the DLSE Manual is a void regulation"), *aff'd*,

588 F.3d 1236 (9th Cir. 2009).

At bottom, the Court correctly ruled that an AWS is not an affirmative defense in its summary judgment Order, and any attempt by Plaintiffs to revisit this argument now should be denied for the same reasons articulated in that Order.

**B. The Court Should Preclude Plaintiffs' Attempt to Introduce Evidence of that Walmart Stopped Using the AWS After the Class Period Ended, Because that is Irrelevant, and if Plaintiffs' Contention Was Correct, Would Be Inadmissible Under Fed. R. Evid. 407.**

At the March 19, 2019 in-person, meet-and-confer conference, Plaintiffs indicated that they intend to introduce evidence that Walmart ended the AWS after the end of class period. But any such schedule changes implemented by Walmart after the class period have absolutely no bearing on this action, and should be excluded as irrelevant. *See* Fed. R. Evid. 401, 402.

Plainly, Plaintiffs want to argue to the jury that, in implementing such a schedule change, Walmart somehow admitted that the AWS was never properly enacted. In other words, Plaintiffs want to argue subsequent remedial measures. But even if this inference was true (it is not), it is black-letter law that such evidence and argument is not allowed at trial.

Specifically, under Federal Rule of Evidence 407, "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove . . . culpable conduct." Fed. R. Evid. 407. And in the employment context, the Ninth Circuit specifically applies Rule 407's bar on such evidence, holding that, when considering whether to admit evidence of a subsequent remedial measure "[f]rom a policy standpoint, the law should encourage employers to undertake remedial action without regard to their ultimate liability." *Swinton v. Potomac Corp.*, 270 F.3d 794, 815 (9th Cir. 2001). Accordingly, the evidence that Plaintiffs seek to

introduce (and the argument they would make from it) is not allowed and must be excluded. Fed. R. Evid. 407.

Respectfully submitted,

DATED: March 25, 2019

GREENBERG TRAURIG LLP

By *_/s/ Mark D. Kemple_*
Attorneys for Defendants