Mark D. Kemple (SBN 145219)
kemplem@gtlaw.com
Robert J. Herrington (SBN 234417)
herringtonr@gtlaw.com
Matthew R. Gershman (SBN 253031)
gershmanm@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for Defendants WAL-MART STORES, INC. and WAL-MART ASSOCIATES, INC.,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA HAMILTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., a corporation, WAL-MART ASSOCIATES, INC., a corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 5:17-cv-01415 AB (KKx)<br><br>**DEFENDANTS' BRIEF RE: PLAINTIFFS' "OVERTIME/INCT" WAGE STATEMENT CLAIM**<br><br>Pretrial conference: March 15, 2019<br>Trial: April 2, 2019<br>Place: Courtroom 7B<br>Judge: Hon. Andre Birotte Jr. |

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................. 1

II. SUMMARY OF FACTS ....................................................................................... 1

III. ARGUMENT .......................................................................................................... 2

    A. Walmart Complied with Labor Code Section 226(a)(9), As Even this Court's Prior Order States. ....................................................................... 4

    B. Plaintiffs Have Not Established that Walmart Did Not Act in Good Faith or that its Interpretation of the Law is Reckless. ................................ 7

    C. Penalizing Walmart for Its Interpretation of Section 226(a)(9) Would Violate the Due Process Clause. ................................................................. 9

    D. Plaintiffs Lack Article III Standing because they Cannot Demonstrate that they Suffered a Cognizable Injury ...................................................... 10

IV. CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aguilar v. Zep Inc.*,
  No. 13-cv-00563-WHO, 2014 WL 4245988 (N.D. Cal. Aug. 27, 2014) ......................... 8

*Bennet v. Medtronic, Inc.*,
  285 F.3d 801 (9th Cir. 2002) ......................................................................................... 5

*Connally v. General Constr. Co.*,
  269 U.S. 385 (1926) ...................................................................................................... 9

*Employers Ins. of Wausau v. Granite State Ins. Co.*,
  330 F.3d 1214 (9th Cir. 2003) ....................................................................................... 5

*F.C.C. v. Fox Television Stations, Inc.*,
  567 U.S. 239 (2012) ...................................................................................................... 9

*Hoffman Estates v. Flipside, Hoffman Estates*,
  455 U.S. 489 (1982) ...................................................................................................... 9

*Landgraf v. USI Film Products*,
  511 U.S. 244 (1994) ...................................................................................................... 9

*Pedroza v. PetSmart, Inc.*,
  No. ED CV 11-298 GHK, 2012 WL 9506073 (C.D. Cal. June 14, 2012) .................... 8

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ........................................................................................... 10, 11

*Woods v. Vector Mktg. Corp.*,
  No. C-14-0264 EMC, 2015 WL 2453202 (N.D. Cal. May 22, 2015) ........................... 8

**State Cases**

*Canales v. Wells Fargo Bank, N.A.*,
  No. B276127, slip op. (Cal. Ct. App. May 30, 2018) ............................................ *passim*

*County of Nevada v. MacMillen*,
  11 Cal. 3d 662 (1974) ................................................................................................. 10

*Diaz v. Grill Concepts Servs., Inc.*,
  23 Cal. App. 5th 859, 868 (2018) ...................................................................................8

*Frank v. Gaos*,
  No. 17-961, slip op. (S. Ct. Mar. 20, 2019) ..................................................................10

*Mabry v. Super. Ct.*,
  185 Cal. App. 4th 208 (2010) .........................................................................................7

*McCarther v. Pac. Telesis Group*,
  48 Cal. 4th 104 (2010) ...................................................................................................7

*Morrison v. St. Bd. of Educ.*,
  1 Cal. 3d 214 (1969) ....................................................................................................10

*Williams v. Allstate Ins. Co.*,
  No. B272353, 2017 WL 6350378 (Cal. Ct. App. Dec. 13, 2017) .................................10

**State Statutes**

California Labor Code § 203 .................................................................................................8

California Labor Code § 226 .................................................................................................8

California Labor Code § 226(a) .....................................................................................3, 4, 8

California Labor Code § 226(a)(6) ........................................................................................7

California Labor Code § 226(a)(9) ................................................................................ *passim*

California Labor Code § 226(e) ...............................................................................2, 7, 8, 10

**Rules**

Federal Rules of Evidence, Rule 201 .....................................................................................5

**Constitutional Provisions**

U.S. Constitution, Article III ..........................................................................................10, 11

## I. Introduction

The Court previously considered certain arguments relating to the Labor Code Section 226(a)(9) claim at the summary judgment stage. The Court did not, however, definitively rule on the merits at that time. At the Final Pretrial Conference, the Parties agreed that this claim would be submitted to the Court instead of to the jury, and the Court ordered briefing on the matter to be submitted by March 25, 2019. Accordingly, Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. ("Walmart" or "Defendants") respectfully submit this brief to the Court.

## II. Summary of Facts

For purposes of this submission, the Parties agree that the following facts are undisputed:

- The "OVERTIME/INCT" line-item payment on the wage statement relates to Walmart's quarterly incentive bonus paid to store associates ("MyShare bonus");
- Specifically, if the quarterly incentive bonus is earned, it is necessarily paid after the quarter ends at the next on-cycle pay period, and, as a result, Walmart recalculates the associates' regular rate for the quarter to include the bonus, which causes a retroactive increase of the overtime pay rate for any overtime hours worked in the prior quarter when the bonus was earned.
- Walmart then pays a true-up adjustment—referred to as "OVERTIME/INCT" on wage statements—for overtime payments made during the prior quarter in which the bonus was earned.
- Plaintiffs' wage statements include an OVERTIME/INCT item that lists the total OVERTIME/INCT earnings, but it does not list the rate of pay or hours worked.
- To the extent any Wage Statement has both an 'incentive' line item and an 'overtime/inct' line item to pay additional sums for hours worked in a prior-reported pay period, the wage statement will not list again the hours listed in the prior wage statement for the prior pay period, and will not show a new rate for those hours.

- There is no claim in this action that 'incentive pay' or 'overtime/inct' was underpaid by Defendants."

In addition to these undisputed facts, Defendants also submit that, as Walmart's Associate Pay Policy for California demonstrates, Walmart made every effort to comply with the law and also provided associates who raised pay-related concerns or questions with multiple points of contact for further discussions about their concerns or questions, including the associate's immediate supervisor, HR representative, or the Global Ethics Office. (*See* Trial Ex. 18, at p. 7 (no objections in joint exhibit list, incorporated in Final Pretrial Conference Order).)

### III.   Argument

First, Walmart is entitled to judgment on Plaintiffs' Labor Code Section 226(a)(9) claim, because although that statutory provision does require employers to provide the rates of pay and hours worked during a given pay period, it does not compel employers to restate hours worked from previous pay periods. By way of illustration, Section 226(a)(9) does not require that a wage statement for period Z restate the hours and rates for prior periods A, B and C, when additional amounts are paid in period Z. (Dkt. 156 at 7-11.) While Walmart recognizes that the Court denied Walmart's partial summary judgment on this issue, we respectfully submit that the reasoning this Court adopted actually tracks the interpretation urged by Walmart. And although is not entirely clear how this confusion came to be, the likely source appears to be that, for unknown reasons, Plaintiffs' opposition brief adopted Walmart's statutory interpretation as their own, and then argued against their own original position as though it was Walmart's.

Second, even if Section 226(a)(9) could somehow be read to require employers to restate hours worked in previous pay periods, Plaintiffs still would not be entitled to penalties in this case, because the statute only allows for an award of penalties if the employee establishes that the employer knowingly and intentionally violated the statute—a showing that requires both an absence of good faith and a reckless disregard for supposed clear law. *See* Cal. Labor Code § 226(e) (requiring employee to show injury "as a result of

a knowing and intentional failure by an employer to comply with subdivision (a)"). Plaintiffs have not discharged that burden here. Nor could they. After all, a California Court of Appeal panel unanimously agreed with Walmart's interpretation less than a year ago, holding in *Canales v. Wells Fargo Bank* that an employer that awards a discretionary bonus to an employee is not required to restate on that employee's wage statement the rates of pay and/or hours worked during previous pay periods. *Canales v. Wells Fargo Bank, N.A.*, No. B276127, slip op. at 11-15 (Cal. Ct. App. May 30, 2018) (unpublished portion affirming summary judgment for employer), Dkt. No. 156-2. In light of the fact that Walmart's practice is the same as that adopted by the *Canales* court, it necessarily follows that Plaintiffs cannot show that Walmart "knowing[ly] and intentional[ly]" violated the statute.

Third, and at minimum, even if this Court were inclined to construe the statute differently, it cannot comport with principles of fairness or due process to impose *retroactive* penalties on Walmart for failing to choose one side of an interpretative divide on a question of law. This is especially so given that this divide did not even exist until just months before the close of the class period in this case (on May 11, 2018, when Judge Koh entered her Order in the *Magadia* case). And, that one contrary decision remains subject to revisiting by that Court up until a final judgment is entered in that case.

For all these reasons, and as further detailed below, Walmart respectfully submits that judgment on this claim should be entered for Walmart and against Plaintiffs. At minimum, though, Walmart should not be retroactively punished for its well-founded and good-faith interpretation of the statute. This Court should hold that Plaintiffs are not entitled to any penalties under Section 226(a) and should enter judgment in Walmart's favor on that claim.[1]

---

[1] It bears emphasis that the only question before the Court at this time with respect to Plaintiffs' Section 226(a)(9) claim is the liability question. Questions regarding the amount of any penalties, by contrast, are not presented yet. And although Walmart does not know how Plaintiffs intend to try to establish any supposed penalties here or what amount they might be seeking, to the extent that Plaintiffs seek to do so with their present

### A. Walmart Complied with Labor Code Section 226(a)(9), As Even this Court's Prior Order States.

In its Order on the parties' motions for summary judgment, the Court agreed with the interpretation of Section 226(a)(9) urged by Walmart and the *Canales* court, but nevertheless denied Walmart's partial summary judgment, apparently believing that the reasoning adopted by the Court had been urged by Plaintiffs. (*See* Dkt. 236 at 13.) With respect, that conclusion was incorrect, and this Court's reasoning should have resulted in the entry of judgment in Walmart's favor on that claim.

Labor Code Section 226(a), the provision at issue here, sets forth nine items of information that employers must include on an employee's detachable paystub. As relevant here, subsection (a)(9) requires employers to include "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Labor Code § 226(a)(9).

In its motion for partial summary judgment, Walmart argued that Plaintiffs cannot recover penalties here as a matter of law, because although Section 226(a)(9) does requires an employer to identify the applicable hourly rates <u>in effect during the pay period</u> for which the employee is currently being paid, it does not require that employer to also identify applicable hourly rates for when wages were <u>earned in previous pay periods</u>. (Dkt. No. 156 at 7-11.) In so doing, Walmart urged the Court to follow the reasoning set forth in *Canales v. Wells Fargo Bank, N.A.*, which held that where "additional wages … were earned as overtime pay based on nondiscretionary bonuses being spread over the hours worked during the bonus period… the employer need only identify on the wage statement the hourly rate in effect during the pay period for which the employee was *currently* being paid, and the corresponding hours worked." *Canales v. Wells Fargo Bank, N.A.*, No. B276127, slip op. at 11-15 (Cal. Ct. App. May 30, 2018) (unpublished portion affirming

---

brief, Walmart reserves the right to respond to and rebut those issues—including as to amount (if any), when penalties began to be incurred (if at all), and so on—in separate briefing at a time convenient for the Court.

summary judgment for employer).[2]

In its Order on the summary judgment motions, this Court stated that it was declining to follow *Canales* on the grounds that the statute is clear. (Dkt. No. 236 at 12-13.) But then the Court stated that it "agree[d] <u>with Plaintiffs</u> that … an employer must identify all applicable hourly rates <u>in effect during the pay period</u>, not when wages are alleged[ly] 'earned' …" (*Id.* at 13 (first emphasis added, second emphasis in original.)

With respect, the Court appears to have adopted Walmart's position but found for Plaintiffs. The Court's holding that an employer is required to "identify all applicable hourly rates in effect during the pay period," and "not when wages are allegedly earned," (*id.* (emphases and alterations omitted), is the position that Walmart (*not* Plaintiffs) has consistently urged, because that position is consistent with *Canales*. Indeed, Walmart's summary judgment motion made this very point, explaining although Section 226(a)(9) does requires an employer to identify the applicable hourly rates <u>in effect during the pay period</u> for which the employee is currently being paid, it does not require that employer to also identify applicable hourly rates for when wages were <u>earned</u>:

> [T]he California Court of Appeal in *Canales* affirmed summary judgment for the defendant on an identical claim, holding that Labor Code section 226(a)(9) does not apply to "additional wages that were <u>earned</u> as overtime pay based on nondiscretionary bonuses being spread over the hours worked during the bonus period," because "the employer need only identify on the wage statement the hourly rate <u>in effect during the pay period</u> for which the

---

[2] For purposes of trial, Walmart requests that the Court take judicial notice of the existence of the California Court of Appeal's decision in *Canales*, which the Court may do without adopting any findings or conclusions therein. *See* Fed. R. Evid. 201; *see also Bennet v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (recognizing that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *cf. Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 (9th Cir. 2003) (court "may consider unpublished state decisions, even though such opinions have no precedential value").

employee was currently being paid, and the corresponding hours worked." (*Canales*, *supra*, slip op. at 12-13.) Said another way, when an employer pays this type of bonus in one period that is earned in a prior period, there simply is "no 'corresponding number of hours worked at each hourly rate by the employee' for the pay period that applied" to the bonus.

(Dkt. 156, Walmart's MSJ at 9 (underlining added, showing consistency with the Court's statutory interpretation).)

While the source of this confusion is not entirely understood by Walmart, the most likely culprit is that the issue became muddled when Plaintiffs' opposition brief not only adopted Walmart's statutory interpretation, but then turned around and attacked their own actual theory as though it were Walmart's. (*See* Dkt. 174, Pls.' Opp. to Walmart's MSJ at 10:21-11:3.) Given that turn of events, it makes perfect sense that the Court understood that the position it was agreeing with was that offered by Plaintiffs, when the truth is that it was the position offered by Walmart (and consistent with *Canales*' reasoning).

That this Court adopted Walmart's interpretation, and not Plaintiff's, is further confirmed by the fact that Plaintiffs' opposition brief appeared to argue that a wage statement issued in Quarter 2 that includes a bonus true-up payment must also include the hourly rates and hours worked for all prior pay periods in Quarter 1 in which the bonus was <u>earned</u>. (*See* Dkt. 174, Pls.' Opp. to Walmart's MSJ at 9:22-10:5 (claiming Walmart violated the statute by not including applicable hourly rates and hours worked during prior quarter in which the bonus relating to the true-up payment was "earned" (emph. added)). That position, of course, is in direct conflict with *Canales*, which held that an employer need only identify the applicable hourly rates "<u>in effect during the pay period</u>, not when wages are alleged[ly] 'earned.'" (Dkt. 236, Court's summary judgment Order at 13; *see also* Dkt. 156, Walmart's Motion for Summary Judgment at 9; *Canales*, *supra*, slip op. at 12-13.)

At the end of the day, what matters is that this Court's reasoning on this question was correct. By its plain language, Section 226(a)(9) only applies to "the pay period" for

which the employee is currently being paid.  It is for that reason that Subsection (a)(9) refers to "<u>the</u> pay period," and not "<u>a</u> pay period," and it is why the phrase "<u>the</u> period" also appears in subsection (a)(6)—which provides that the employer must include in the wage statement the "inclusive dates of <u>the period for which the employee is paid</u>."  *Id.* (emphasis added).  Construing these subsections together,[3] therefore, it necessarily follows that a bonus true-up payment like that at issue here has no corresponding hourly rates in effect or hours worked during "<u>the</u> period" in which the employer was required to include in the wage statement.  Put slightly differently, and as Plaintiffs stated in their opposition brief, the statute only requires an employer to "identify all applicable hourly rates <u>in effect during the pay period</u>, not when wages are alleged[ly] 'earned.'"  (*See* Dkt. 174, Pls.' Opp. to Walmart's MSJ at 10:27-28 (emphasis in original); *see also* Dkt. 236, Court's Order at 13 (quoting same).)

**B.    Plaintiffs Have Not Established that Walmart Did Not Act in Good Faith or that its Interpretation of the Law is Reckless.**

Even if the Court were now to interpret Section 226(a)(9) as requiring employers to identify the rates in effect during the prior pay period in which a bonus was earned, Plaintiffs are still are not entitled to penalties here, because they have not established that Walmart's actions were the "result of a knowing and intentional failure by an employer to comply with subdivision (a)."  Cal. Labor Code § 226(e).  Plaintiffs' failure on this score is not surprising, however, because the statutory interpretation urged by Walmart—and that adopted by *Canales*—in fact shows that Walmart did act in good faith.

Indeed, multiple courts have recognized this very fact, explaining that Section 226(e) only "permits employees to recover statutory penalties 'as a result of a knowing and intentional failure by an employer' to provide accurate, itemized wage statement," and that

---

[3] *See McCarther v. Pac. Telesis Group*, 48 Cal. 4th 104, 110 (2010) ("[S]tatutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (citations omitted)); *Mabry v. Super. Ct.*, 185 Cal. App. 4th 208, 219 (2010) ("statutes on the same subject matter or of the same subject should be construed together so that all the parts of the statutory scheme are given effect").)

"[t]he good faith defense to the willfulness element of th[is] section[] is clearly established under California law." *Pedroza v. PetSmart, Inc.*, No. ED CV 11-298 GHK (DTBx), 2012 WL 9506073, at *4 (C.D. Cal. June 14, 2012); *Woods v. Vector Mktg. Corp.*, No. C-14-0264 EMC, 2015 WL 2453202, at *3 (N.D. Cal. May 22, 2015) ("The 'good faith dispute' rule has been extended by courts to apply to California Labor Code Section 226 wage statement penalties . . . ."); *Aguilar v. Zep Inc.*, No. 13-cv-00563-WHO, 2014 WL 4245988, at *19 (N.D. Cal. Aug. 27, 2014) ("'The good faith defense to the willfulness element of these sections [226 and 203] is clearly established under California law.'"). And along like lines, the courts have also held that "penalties can only be recovered under Labor Code §§ 203 and 226(e) for knowing, intentional, and willful violations, <u>not mere recklessness</u>." *Pedroza*, 2012 WL 9506073, *5 (emphasis added); *see also Diaz v. Grill Concepts Servs., Inc.*, 23 Cal. App. 5th 859, 868 (2018) (no willfulness if employer's failure to comply with Labor Code was "<u>due to … uncertainty in the law</u>") (emphasis added).

Plaintiffs have not shown that Walmart's conduct was knowingly or willfully unlawful. Nor could they. After all, the process Walmart followed is the very same one the *Canales* court adopted, which in and of itself forecloses any award of penalties here.[4] And that is all the more true given that, before *Canales*, no court had ever ruled on how Section 226(a) should be applied in this scenario. Simply put, Walmart hardly can be accused of acting in bad faith, or even "recklessly," when it acted in accord with the reasoning of a unanimous panel of the California Court of Appeal.

Walmart recognizes, of course, that the federal district court in *Magadia* has since held otherwise. But that does not change the analysis here. At most, that the state and federal courts currently are in conflict on how to interpret Section 226(a) in this scenario

---

[4] To the extent Plaintiffs argue that this aspect of *Canales* is unpublished, that would miss the point entirely, which is that an employer cannot possibly be held to have knowingly or willfully violating a statute when the means it chose to comply with the statute were consistent with the only court decision on that issue.

only underscores both that Walmart did act in good faith and that Plaintiffs cannot be entitled to penalties. And in any event, it is undisputed that Walmart maintains a written policy detailing a robust reporting procedure for any pay concerns or questions, and which provides associates with multiple points of contact should they desire to report pay-related concerns or questions—including the associate's immediate supervisor; an HR representative; and the Global Ethics Office. (*See* Trial Ex. 18.) Suffice to say, that Walmart provides its associates with multiple ways to ask any questions they want about this very issue is itself proof that the Company has not acted in bad faith—as is the fact that neither Plaintiff ever complained about their wage statements before filing this lawsuit.

### C. Penalizing Walmart for Its Interpretation of Section 226(a)(9) Would Violate the Due Process Clause.

Even if this Court were to disagree with this analysis, Walmart respectfully submits that it would raise due process concerns of the first order to penalize Walmart *retroactively* for not adopting one side of an interpretative divide that did not even exist until recently. The United States Supreme Court has repeatedly recognized this very point, explaining both that "[e]lementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted," *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994), and that a statute "which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application," that statute by definition "violates the first essential of due process of law," *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926); *see also Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 498 (1982) ("Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."); *F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012) ("A fundamental principle in our legal system is that laws which regulate persons or entities

must give fair notice of conduct that is forbidden or required"); *County of Nevada v. MacMillen*, 11 Cal. 3d 662, 673 (1974) (a regulation is impermissibly vague if it forces individuals of "ordinary intelligence to guess at its meaning at the risk of incurring severe penalties."); *Morrison v. St. Bd. of Educ.*, 1 Cal. 3d 214, 231 (1969) (a regulation "must be sufficiently clear as to give a fair warning of the conduct prohibited, and they must provide a standard or guide against which conduct can be uniformly judged by courts and administrative agencies.").

So too here. Walmart's interpretation presaged the unanimous decision in *Canales*; Plaintiffs themselves pressed for the same interpretation; and the fact that another court very recently held otherwise cannot possibly provide grounds for *retroactive* penalties. In short, then, even if this Court were to hold that some amount in penalties can be awarded here, basic principles of due process and fairness mandate that any such penalties must be prospective only.

### D. Plaintiffs Lack Article III Standing because they Cannot Demonstrate that they Suffered a Cognizable Injury

Finally, although Walmart recognizes that certain courts in California have held that the 2013 amendments to Section 226(e) provide employee-plaintiffs with a statutory injury if a wage statement is deficient on its face, *see, e.g.*, *Williams v. Allstate Ins. Co.*, No. B272353, 2017 WL 6350378, at *13-14 (Cal. Ct. App. Dec. 13, 2017) (unpublished), those decisions cannot change the fact that this case is in federal court, which means that Plaintiffs bear the burden of establishing that they have suffered a cognizable injury-in-fact sufficient to ground standing. What that means, of course, is that whatever may be said about whether the 2013 amendments lowered the burden for showing injury under Section 226(e) under California law, the United States Supreme Court repeatedly (and quite recently) has stressed that a statutory injury *alone* does not ground Article III standing. *See, e.g.*, *Frank v. Gaos*, No. 17-961, slip op. at 4-5 (S. Ct. Mar. 20, 2019) (per curiam) (noting that *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) "rejected the premise … that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a

person a statutory right and purports to authorize that person to sue to vindicate that right") (citation and internal quotation marks omitted); *Spokeo*, 136 S. Ct. at 1549 (explaining that although the legislature can of course "identify intangible harms that meet minimum Article III requirements," it most certainly "cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.") (citation and internal quotation marks omitted).  Indeed, Plaintiffs' own depositions themselves call into serious question their ability to show Article III standing *at all*.  (*See* Hernandez Dep. (7/3/18), at 172:19-174:7 ("Q: In the third entry from the description, there's a[n] entry called Overtime/INCT.  You see that? A: Yes. Q: And then there's a[n] earnings and a year to date of $12.15? A: Yes. Q: Okay. How have you been injured, if at all, by that description of that line item? … [Objection].  Q: Okay. You can answer. A: Injured?  Q: Yeah. A: Not really injured by anything. What you do mean by that? Can you -- can you rephrase it? Q: Sure. When I say 'injured,' I mean -- I am referring to the idea that you were somehow damaged or somehow harmed in some way by the way this line item is described. … [Objection]. … Q: You can answer it. A: I have no idea.); Hamilton Dep. (6/29/18), at 224:14-225:21 ("Q: Okay. So the line item we've just been referring to where there's Overtime/INCT and there's earnings of $28.17 there, the question is whether you were injured or damaged in any way by the description there that we just talked about? … [Objection]. THE WITNESS: Yes, because it's not the correct overtime. … Q: Okay. Any other damage or injury? A: No.").)

## IV.   Conclusion

In sum, judgment on this claim should be entered for Walmart and against Plaintiffs. Or, at a minimum, Walmart should not be retroactively punished.

Respectfully submitted,

DATED:  March 25, 2019              GREENBERG TRAURIG LLP

By   /s/ *Mark D. Kemple*
Attorneys for Defendants