Mark D. Kemple (SBN 145219)
kemplem@gtlaw.com
Robert J. Herrington (SBN 234417)
herringtonr@gtlaw.com
Matthew R. Gershman (SBN 253031)
gershmanm@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
herringtonr@gtlaw.com

Attorneys for Defendants WAL-MART STORES, INC.
and WAL-MART ASSOCIATES, INC.,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA HAMILTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., a corporation, WAL-MART ASSOCIATES, INC., a corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 5:17-cv-01415 AB (KKx)<br><br>**WALMART'S BENCH BRIEF REGARDING PRECLUSION OF (1) UNDISCLOSED WITNESSES; AND (2) EVIDENCE ON CLAIMS FOR WHICH DAMAGES WERE NEVER DISCLOSED** |

At the March 19, 2015, further pretrial discussion (as ordered by the Court), the parties discussed Defendants' contentions  (1) that 9 of the 37 witnesses listed on Plaintiffs' witness list filed with the Court had not been properly disclosed, (2) that Plaintiffs had failed to disclose the damage/penalty amounts sought on their individual claims, and (3) that these witnesses and any evidence of damages/penalties should therefore be precluded (resulting in dismissal of the individual claims and elimination of the second phase of the bifurcated trial).  Given Plaintiffs' disagreement, the parties are therefore briefing the issue to the Court.

## A. The Nine Class Members Listed by Plaintiffs on Their Pretrial Witness List, But Who Were Not Previously and Properly Disclosed, Should Be Excluded from Trial.

Rule 26 disclosures serve a basic and core function – a litigant must disclose to its adversary the witnesses she seeks to present to support her claims, and the topics on which the persons will testify, such that the adversary has an opportunity to engage in discovery concerning the witness and depose the witness.  Specifically, Rule 26 requires the Plaintiff to disclosed "the name" and contact information "of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses...." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).  A party must supplement this disclosure as additional information becomes available to it.  Fed. R. Civ. Proc 26(e) (party "must supplement or correct its disclosure").

This class was certified on August 21, 2018, at which point Plaintiffs and their counsel became class representative and class counsel.  There are approximately 5,000 persons in this class.

Plaintiff Hernandez has never made any disclosures in this action.  Plaintiff Hamilton's initial disclosures were made on October 19, 2017.  [Dkt. No. 240-1.]  As pertinent here, they reference only "[a]ll members of the putative class" (approximately 5,000 persons) and "[a]ll Plaintiff's proximate co-workers."  [Dkt. No. 240-1, at 2.] Identification of a 5,000 unnamed persons in a single line item is deficient and not proper.

1

*See*, *e.g.*, *Andrews v. CBOCS West, Inc.*, No. 09-cv-1025-WDS-SCW, 2011 U.S. Dist. LEXIS 17505 (S.D. Ill. Feb. 23, 2011) (finding "blanket statement" in initial disclosure identifying "All persons identified by Plaintiff" was "inadequate for purposes of Rule 26(a)(1)" and that failure "was compounded when [disclosing party] never even attempted to comply with its obligation to supplement or correct these incomplete disclosures pursuant to Rule 26(e)")).  Compounding that impropriety is that the "class" then alleged was so vague that it did not permit one to determine who was in the class or a subclass. (*See e.g.*, Dkt. No. 237 at 36 ("overtime subclass" defined as persons "who were not properly paid all overtime wages).  Further, no "subject" on which the persons will testify is mentioned concerning this mass of people cryptically referenced in a single sentence [Dkt. No. 240-1, at 2.]

Hamilton has never supplemented these "disclosures."   Indeed, when Defendants asked Plaintiffs to identify their witnesses in discovery, Plaintiffs objected and stated:

> "1. Plaintiff; 2. All members of the putative class; 3. All Plaintiffs proximate co-workers, names, addresses, and telephone numbers known to Defendants; …."

[Plaintiff Hamilton's December 18, 2017, Responses to Interrogatory Set 1, at p. 5; Plaintiff Hernandez' December 18, 2017, Responses to Interrogatory Set 1, at pp. 4-5 (same).]

Now, well after the close of discovery (November 16, 2018), Plaintiffs listed the following 9 class members, among the 37 persons listed on their pretrial witness list:

> Regina Partida, Alejandro Martinez Jr., Dorothy Monzon, Russell Tucci, Mario Arreola Davalos, Christina Santa Cruz (Patterson), Jason Mejia, Fernando Alvizures and Kevin Lopez.

As discussed above, none of these nine persons were previously identified on disclosures or in discovery responses.  The only reference to any of them at any time prior to submission of the pretrial witness list, was to two of them – Fernando Alvizures and Kevin Lopez – through declarations first provided to Defendants on the last day of discovery

2

1   when filed with Plaintiffs' motion for summary judgment.   [See Dkt. No. 168-3 at ECF pp.
2   264-65 (Alvizures Declaration); Dkt No. 168-3 at ECF p. 271-72 (Lopez Declaration).]

3       These undisclosed witnesses must be excluded.   Rule 37 provides that, "[i]f a party
4   fails to provide information or identify a witness as required by 26(a) or 26(e), the party is
5   not allowed to use that information or witness to supply evidence on a motion, at a hearing,
6   or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. Proc.
7   37(c)(1); *see also Yeti by Molly v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th
8   Cir. 2001) (the "burden is on the party facing sanctions" to prove substantial justification or
9   harmlessness).  This case has been pending for years.  Instead of timely disclosing either
10  through supplemental initial disclosures or discovery responses, Plaintiffs waited until the
11  11th hour—at and *after* the close of discovery - to disclose nine trial witnesses.
12  Accordingly, the "self-executing" and "automatic" sanction of exclusion applies.  *Yeti by
    Molly*, 259 F.3d at 1106.

13      Plaintiffs had made a similar objection concerning a person previously designated as
14  a witness by Defendants, Michael Fox.  In response Defendants withdrew Mr. Fox from
15  their witness list, and informed Plaintiffs of the withdrawal.

16      Remarkably, Plaintiffs also complained that another of Defendant's witnesses –
17  plaintiff Hamilton's direct manager, Eva Andrews-Bright – supposedly had not been
18  disclosed during the discovery period   In fact, Ms. Bright has repeatedly been identified by
19  Plaintiff Hamilton, throughout this litigation, including plaintiff Hamilton's own initial
20  disclosures which acknowledged that her direct manager had relevant information.  [*See*
21  Dkt. 240-1, Ex. 2 at 3 (Plaintiff Hamilton's October 23, 2017 initial disclosure disclosing
22  that Ms. Hamilton's managers and supervisors are potential witnesses).]  And though we
23  will not burden the Court with Ms. Hamilton's depositions transcript and exhibits, Ms.
24  Bright was repeatedly referenced in both questions and answers during her deposition as
25  her direct manager and having relevant knowledge on various issues.  Even Plaintiff's Trial
26  Exhibits include documents authored by Ms. Bright.  [*See e.g.*, Pl.'s Trial Ex. 456 (Eva
    Bright's Statement Form, purportedly praising Ms. Hamilton).]  Plaintiffs also explicitly

3

referred to Ms. Bright in Plaintiffs' briefing to the Court concerning their motion for class certification.  [*See* Dkt. 102 at 14 (Plaintiffs' August 3, 2018 reply in support of class certification citing to statements by "Eva Bright").]  Without question, Ms. Bright has long been disclosed and known to be a witness in this action with relevant information.  All of this was explained to Plaintiffs in writing, and were invited to phone counsel were further conversation desired.  Plaintiffs did not respond.  Accordingly, we assume that Plaintiffs have now withdrawn any objection to Ms. Bright.

**B.    Plaintiffs' Individual Claims, For Which They Provided No Damages Calculations, Should Be Excluded and Dismissed.**

Rule 26 requires Plaintiffs to provide Defendants with:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii).

Plaintiff Hernandez has never made an initial disclosure at all.  As such, she should be barred from pursuing damages or penalties on her individual claims (which, in turn, therefore fail).

Likewise, though Plaintiff Hamilton served an Initial Disclosure document in 2017, it included no "computation of each category of damages claimed" as required by Rule 26, at all.  [See Dkt. No. 240-1 (Pl. Hamilton's initial disclosures at 3-4).]  Nor did Plaintiffs' proffered expert, Dr. Kriegler, provide any such computation for either of these plaintiff's individual claims.  [See Dkt. No. 144-1 at ECF pp. 10-59 (Kriegler Sept. 21, 2018 Report); Dkt. No. 155-2 at ECF pp. 38-74 (Kriegler Nov. 14, 2018 Report); Dkt. No. 200-1 at ECF pp. 71-106 (Kriegler Feb. 19, 2019 Report).]  And most recently, during the parties' in person meet and confer conference on March 19, 2019, Plaintiffs' counsel stated that

4

1  Plaintiffs had not yet computed the recoveries they would seek, and therefore could not
2  provide them to Defendants.
3          The Federal Rules of Civil Procedure bar Plaintiffs from now pursuing never before
4  disclosed and still undisclosed recoveries on their individual claims.  *See* Fed. R. Civ. Proc.
5  37(c)(1) ("[i]f a party fails to provide information or identify a witness as required by 26(a)
6  or 26(e), the party is not allowed to use that information or witness to supply evidence on a
7  motion, at a hearing, or at a trial, unless the failure was substantially justified or is
8  harmless."); *Yeti by Molly v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)
9  ("we give particularly wide latitude to the district court's discretion to issue sanctions under
10 Rule 37(c)(1) . . . even absent a showing in the record of bad faith or willfulness, exclusion
11 is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule
12 26(a)."). Accordingly, evidence on these claims should be excluded and these claims
   should be dismissed (mooting the second phase of the bifurcated trial).

13                                        Respectfully submitted,
14 DATED: March 25, 2019              GREENBERG TRAURIG LLP

15                                        By   /s/ Mark D. Kemple
16                                        Attorneys for Defendants